604 So.2d 1272 (1992)
Richard VAUGHN, Appellant,
v.
STATE of Florida, Appellee.
No. 91-2775.
District Court of Appeal of Florida, Fourth District.
September 9, 1992.
Richard L. Jorandby, Public Defender, and Ellen Morris, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Carol Cobourn Asbury, Asst. Atty. Gen., West Palm Beach, for appellee.
STONE, Judge.
The appellant's convictions for armed sexual battery and armed burglary are reversed. It was error to admit, for the purpose of identity, evidence of a previous sexual battery committed by appellant notwithstanding some general similarities between the two crimes. Thompson v. State, 494 So.2d 203 (Fla. 1986); Peek v. State, 488 So.2d 52 (Fla. 1986); Drake v. State, 400 So.2d 1217 (Fla. 1981); Robinson v. State, 522 So.2d 869 (Fla. 2d DCA 1987).
Here, a man holding a butter knife awakened the victim, age 60, in her dark bedroom. He had a shirt around his head covering his hair. The attacker, who had broken in through a screen, initially talked with the victim for a few hours. He then forced her to perform vaginal, anal, and oral sex. In each instance he failed to complete the acts due to the victim's pain *1273 and complaints. The victim noted several tattoos on the perpetrator's leg, chest, and arms. Before leaving, the attacker repaired the screen and told the victim that she had better not go to the police. However, the victim indicated that she did not consider this a threat of physical harm.
The victim, in the collateral crime, was a prostitute living within a mile of the victim in this crime. There was no identity issue in that incident, which Vaughn described as an exchange of oral sex for a temporary place to stay. The victim in that case testified here that Vaughn did offer her a place to sleep. She added that when she refused to pull up her skirt, he pulled a knife, grabbed her head, held the knife to her throat, ripped off her panties, threatened to kill her, and had vaginal and oral sex. Afterwards, he did unsuccessfully attempt anal sex. The attack occurred in an alley.
The trial court, in finding sufficient similarities to admit the collateral evidence, said:
THE COURT: The Court finds and determines there are enough similarities between the two offenses that is within the realm of the William's rule.
* * * * * *
[T]he Court finds that the similarities are unique enough to admit it. Namely, and both offenses the perpetrator had numerous tattoos on his body.
In fact, on the first one she was able to see his arm, and she said that it was on his arms. The victim on the second case  when I say second case, the most recent one... .
* * * * * *
Not only on the arms, but other parts of his body because other parts of his body were exposed. That's a very salient point.
Number two, the M.O. was the same. A knife to the throat in both cases where there are three types of sexual acts performed or attempted to be performed: Oral, anal and vaginal. Another point of similarity.
Another striking feature is the congeniality and cordiality of the perpetrator of the offenses, namely, one moment it's a Doctor Jeckyl, Mr. Hide. [sic] He's nice  In fact, he gives Bradley her jacket, says nice things to both of them, but then proceeds to rape them both or attempts to rape both of them and performs various sexual acts upon them.
And it is relevant. Therefore, I will permit it.
Although evidence of other acts is admissible where relevant to prove identity, Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959), such evidence, when used for that purpose, must reflect more than general similarities. The similar aspects or modus operandi of the incidents must be sufficiently distinctive, unique, unusual, or of such special character as to reasonably point to the defendant as the perpetrator of both offenses. E.g., Thompson; Peek; Drake; Robinson.
In Drake, the supreme court explained:
The mode of operating theory of proving identity is based on both the similarity of and the unusual nature of the factual situations being compared. A mere general similarity will not render the similar facts legally relevant to show identity. There must be identifiable points of similarity which pervade the compared factual situations. Given sufficient similarity, in order for the similar facts to be relevant the points of similarity must have some special character or be so unusual as to point to the defendant.
400 So.2d at 1219. Here, the collateral evidence fails that test and should not have been admitted.
The victim was unable or unwilling to make a positive in-court identification, although she did identify one of Vaughn's distinctive tattoos as similar to one on her attacker. Her selection of appellant out of a photo lineup was also the subject of some impeachment. Given the questions raised concerning the victim's identifications, it cannot be said on this record that the error is harmless. State v. DiGuilio, 491 So.2d 1129 (Fla. 1986). As to the other issues raised, we find no error. The convictions *1274 are reversed and the cause remanded for a new trial.
DOWNEY and FARMER, JJ., concur.