662 So.2d 758 (1995)
Gonnie GRINER, Appellant,
v.
STATE of Florida, Appellee.
No. 94-2044.
District Court of Appeal of Florida, Fourth District.
November 15, 1995.
Richard L. Jorandby, Public Defender, and Joseph R. Chloupek, Assistant Public Defender, West Palm Beach, for appellant. (Withdrawn as counsel after filing brief).
Robert A. Butterworth, Attorney General, Tallahassee, and Carol Cobourn Asbury, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, Judge.
Appellant was convicted of attempted first degree murder, robbery with a deadly weapon, grand theft auto, burglary with an assault, and robbery, as a result of two incidents of criminal conduct. We reverse the convictions arising out of the second incident because the trial court erred in admitting evidence of the first incident in the trial involving the second. The first incident, which had been the subject of a separate trial, was not admissible as inseparable crime evidence.
The victim in the first incident testified that after picking up take-out food she found defendant in her van. She ran, after he threatened her, leaving behind her food and *759 purse, and went into the restaurant to call the police. When the police arrived they discovered that her purse had been taken from the van and that defendant had fled.
Shortly thereafter, victim number two was in her driveway, about two blocks from where the first victim was robbed, and defendant came running up to her, explaining that his car had broken down and that a cab had dropped him off at the wrong place. At his request the victim called a cab, but then defendant put a hand around her throat, threatened to kill her, and struck her on the head with a hammer. He then demanded her money and car keys, which she gave him, but defendant was unable to move her car, which had a bad clutch, more than a few feet.
There was testimony by one witness that he had observed defendant, between the times that the two robberies occurred, walking in the area, swearing to himself, appearing very upset, and putting the witness in fear for his own safety.
The police officer who responded to both robberies testified that twenty-two minutes elapsed between the dispatch for the first robbery and the dispatch for the second. Both victims identified defendant from photo lineups. When defendant was picked up a few days later, he had various items which had been in the purse of the first victim.
The trial court severed the two cases for purposes of trial, and defendant was found guilty in both. He now appeals, arguing that the evidence was insufficient to support a conviction on several of the counts, and that evidence of the first robbery should not have been admitted in the trial involving the second robbery. We find that there was ample evidence to sustain the convictions, but that the admission of evidence regarding the first robbery was an error which requires a new trial on the charges arising out of the second robbery.
The evidence of the first robbery was admitted in the trial of the second robbery because the state persuaded the trial court that it was admissible under Williams v. State, 110 So.2d 654 (Fla. 1959). The state now recognizes that these two incidents were not so "sufficiently distinctive, unique, unusual, or of such special character as to reasonably point to defendant as the perpetrator," so as to make them admissible. Vaughn v. State, 604 So.2d 1272 (Fla. 4th DCA 1992), citing Williams; and other authorities. Instead, the state now argues that the evidence was admissible as "inseparable crime evidence" under Griffin v. State, 639 So.2d 966, 968 (Fla. 1994), in which the court explained:
[E]vidence of uncharged crimes which are inseparable from the crime charged, or evidence which is inextricably intertwined with the crime charged, is not Williams rule evidence. It is admissible under section 90.402 because "it is a relevant and inseparable part of the act which is in issue... . [I]t is necessary to admit the evidence to adequately describe the deed." Charles W. Ehrhardt, Florida Evidence § 404.17 (1993 ed.).
In Griffin the defendant had stolen a car after burglarizing a hotel room in which he found the keys and, while using the stolen vehicle to commit additional crimes, shot and killed a police officer. He argued on appeal that evidence of the burglary of the hotel room in which he obtained the car keys should not have been admitted in trial in which he was charged with murder, theft of the stolen car, and other crimes. The court held that, although the defendant was not on trial for burglary of the hotel room in which he obtained the keys to steal the car, the evidence was admissible. Griffin is distinguishable because there it was necessary for the state to show how the defendant came to possess the car keys, in order to prove that he had stolen it.
In the present case the facts of the first event were not "inextricably intertwined" with, or "necessary to adequately describe" the second event. The most we can say about the relationship between these two events is that one occurred very soon after the other, which is not sufficient to make the evidence regarding the first incident admissible under Griffin, particularly when we weigh the danger of unfair prejudice to defendant against the relevancy of the evidence. § 90.403, Fla. Stat. (1993); and Gorham v. State, 454 So.2d 556 (Fla. 1984). Nor can we say that the admission of this evidence *760 was harmless beyond a reasonable doubt under State v. DiGuilio, 491 So.2d 1129 (Fla. 1986).
We would also note that in the present case, the trial court severed the two incidents, which were charged in the same information, for purposes of trial, which appears to be consistent with Crossley v. State, 596 So.2d 447, 450 (Fla. 1992). In Crossley the defendant, who was armed, kidnapped a woman, then stole her vehicle and her purse. About two hours later he committed an armed robbery in a store which was approximately two miles from where the first incident occurred. The Florida Supreme Court held that the trial court abused its discretion in failing to sever:
The danger in improper consolidation lies in the fact that the evidence relating to each of the crimes may have the effect of bolstering the proof of the other. While the testimony in one case standing alone may be insufficient to convince a jury of the defendant's guilt, evidence that the defendant may also have committed another crime can have the effect of tipping the scales. Therefore, the court must be careful that there is a meaningful relationship between the charges of two separate crimes before permitting them to be tried together.
Although the propriety of the severance in this case is not before us, the fact that the trial court concluded that the cases should be severed supports our conclusion that the two cases were not so intertwined as to make the evidence of the first incident admissible in the trial involving the second incident.
The state's reliance on Erickson v. State, 565 So.2d 328 (Fla. 4th DCA 1990), is misplaced because in Erickson this court found that the fondling of the victim and another child were "inseparably linked in time." In the present case the crimes, as the facts reflect, were separated in time.
We therefore reverse the convictions for attempted first-degree murder, robbery with a deadly weapon, and grand theft auto for a new trial, but affirm the convictions arising out the first incident which were tried separately, burglary with an assault and robbery.
GUNTHER, C.J., and FARMER, J., concur.