596 So.2d 447 (1992)
Larry Anthony CROSSLEY, Petitioner,
v.
STATE of Florida, Respondent.
No. 78032.
Supreme Court of Florida.
March 19, 1992.
*448 J. Craig Williams, Jacksonville, for petitioner.
Robert A. Butterworth, Atty. Gen., and Amelia L. Beisner, Asst. Atty. Gen., Tallahassee, for respondent.
GRIMES, Justice.
We review Crossley v. State, 580 So.2d 801 (Fla.1st DCA 1991), based on conflict with the opinion in Jones v. State, 497 So.2d 1268 (Fla. 3d DCA 1986), review denied, 506 So.2d 1043 (Fla.), cert. denied, 484 U.S. 823, 108 S.Ct. 87, 98 L.Ed.2d 48 (1987). We have jurisdiction under article V, section 3(b)(3) of the Florida Constitution.
On July 22, 1989, at approximately 3 p.m., Betty White, a waitress at the Clock Restaurant, finished work and went to the parking lot. She was counting her tips in the car when a man appeared at her window with a gun. He ordered her to slide over and kidnapped her in the vehicle. At about 4 p.m. he pulled behind a liquor store and told White to get out. He then left with the car and White's purse.
At approximately 6:15 p.m. on the same day, Jacqueline Jones, a cashier at Banner Food Store, was approached by a man who brought a six-pack of beer to the cash register. After Jones rang up the beer, the man pulled a gun from his shirt and held it next to Jones' stomach. She stepped back and let the robber take the money from the cash register. The store is approximately two miles from the site where White was dropped off.
At 8:30 p.m. a police officer spotted a vehicle fitting the description of the car stolen from White. A chase ensued which ended with the suspect, Larry Crossley, crashing the car into a fence. Crossley was taken to the police station, where he was identified by Ms. Jones. Two or three days later, Ms. White identified him in a photo lineup.
The crimes against Ms. White and Ms. Jones were tried together. Crossley was convicted of two counts of armed robbery and one count of armed kidnapping. The convictions were affirmed on appeal. After concluding that the trial court had properly denied the motion to suppress the pretrial and trial identifications by the two victims, the district court of appeal addressed the issue of whether the court erred in refusing to sever the trial of the *449 armed robbery of Ms. Jones from that of the crimes perpetrated against Ms. White. In this respect, the court concluded:
We find that the offenses here are sufficiently close temporarily, geographically, and factually. The crimes were separated by a period of only 2 hours and 45 minutes, and occurred only two or three miles apart. Both involved armed robbery commencing on the property of a commercial establishment. In both, the robber approached female victims and pulled a gun on them. In both, the victims identified the robber as a black man wearing a cap, dark sunglasses, a blue shirt or jacket, and gray shorts. Based on the temporal, geographic, and factual closeness of the offenses, the trial court did not abuse its discretion in denying appellant's motion for severance.
Crossley, 580 So.2d at 804.
Florida Rule of Criminal Procedure 3.152 provides in pertinent part:
(a) Severance of Offenses.
(1) In case two or more offenses are improperly charged in a single indictment or information, the defendant shall have a right to a severance of the charges upon timely motion thereof.
An offense is improperly charged in a single indictment or information when it fails to meet the requirement for joinder of offenses set forth in Florida Rule of Criminal Procedure 3.150, which reads in pertinent part:
(a) Joinder of Offenses. Two or more offenses which are triable in the same court may be charged in the same indictment or information in a separate count for each offense, when the offenses, whether felonies or misdemeanors, or both, are based on the same act or transaction or on two or more connected acts or transactions.
See Macklin v. State, 395 So.2d 1219, 1220 n. 2 (Fla. 3d DCA 1981) ("[I]f offenses cannot be joined, they cannot be consolidated; and if they cannot be consolidated, they cannot be joined.").
In Jones, two men kidnapped Franklin Morrison, robbed him, and fled in his car. Approximately three hours later while driving the same car, two males robbed, shot, and killed Merlene Daugherty. Two days later, the police stopped Morrison's car and arrested its occupants, Jones and a codefendant. The following day, Morrison identified the two as the individuals who had robbed him. Later that day, the codefendant named Jones as a participant in the murder of Daugherty. Jones was convicted of the crimes against Morrison and Daugherty in the same trial. The district court of appeal held that the trial court had erred in denying Jones' motion for severance of the trials on the charges which arose from the two criminal episodes. The court reasoned that our decisions in State v. Williams, 453 So.2d 824 (Fla. 1984), and Paul v. State, 385 So.2d 1371 (Fla. 1980), mandated severance where "the only connection between the two criminal episodes was the use of a stolen car and the accused's alleged participation." Jones, 497 So.2d at 1272. Because the court below in the instant case reached the opposite result on controlling facts which, if not virtually identical, more strongly dictated a severance, we concluded that a conflict of decisions existed that warranted accepting jurisdiction. See Nielsen v. City of Sarasota, 117 So.2d 731 (Fla. 1960).
In Paul, this Court adopted the dissenting opinion of Judge Smith in the court below. Paul v. State, 365 So.2d 1063, 1065 (Fla. 1st DCA 1979) (Smith, J., dissenting), quashed, 385 So.2d 1371 (Fla. 1980). In his dissent, Judge Smith reasoned that a sexual offense committed on April 9 in a shower area on the FAMU campus was not sufficiently related to a sexual offense committed on May 14 in a shower area on the FSU campus. Judge Smith reasoned that the rules did not "warrant joinder or consolidation of criminal charges based on similar but separate episodes, separated in time, which are `connected' only by similar circumstances and the accused's alleged guilt in both or all instances." Id. at 1065-66 (Smith, J., dissenting). In Williams, this Court held that charges involving seven burglaries and thefts committed on seven separate days did not involve connected acts or transactions so as to permit consolidation.
The justifications for the consolidation of charges are convenience and the *450 preservation of the courts' valuable resources. However, practicality and efficiency cannot outweigh the defendant's right to a fair trial. State v. Vazquez, 419 So.2d 1088 (Fla. 1982). The danger in improper consolidation lies in the fact that evidence relating to each of the crimes may have the effect of bolstering the proof of the other. While the testimony in one case standing alone may be insufficient to convince a jury of the defendant's guilt, evidence that the defendant may also have committed another crime can have the effect of tipping the scales. Therefore, the court must be careful that there is a meaningful relationship between the charges of two separate crimes before permitting them to be tried together.
We recognize that sometimes it is difficult to decide whether two separate crimes are related. For this reason, we have held that the standard of review for cases involving the consolidation or severance of charges is one of abuse of discretion. Vazquez. We applied this standard to uphold the consolidation of charges of burglary and murder in Livingston v. State, 565 So.2d 1288 (Fla. 1988), because the murder had been committed with a pistol stolen in the burglary in the same small town several hours before.
In the instant case, both robberies were committed within a few hours of each other and only a few miles apart. However, the two episodes were entirely independent. Unlike Livingston, here there was absolutely nothing to connect one crime with the other. Though Crossley was arrested after the Jones robbery while driving White's car, there is no evidence that Crossley used White's car to perpetrate the Jones robbery. The money in Crossley's possession when he was arrested was not identified as having come from either robbery. Thus, we hold that the court erred in refusing to sever the trial of the Jones robbery from that of the White robbery and kidnapping.
The State makes a fall-back argument that the testimony concerning each of the criminal episodes could have been introduced in the trial of the other as similar fact evidence under section 90.404(2), Florida Statutes (1989). See Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959). If such a position were supported by the record, it might have the effect of rendering harmless the erroneous refusal to sever the charges. However, the crimes were much different. One involved a kidnapping in a parking lot which led to the stealing of a car, while the other was a convenience store holdup. It cannot be said that the few similarities in the crimes against Ms. White and the robbery of Ms. Jones were of such a character or so unusual that evidence of one would have been admissible in the trial of the other. Drake v. State, 400 So.2d 1217 (Fla. 1981).
We withhold our approval of Jones because we are unable to tell from the Jones opinion the extent to which the car stolen from Morrison may have been used to commit the murder of Daugherty. Thus, it may be that the facts were such that the trial court's decision to deny the motion to sever should have been upheld. We do not have that concern in the instant case. We quash the decision below and remand for further proceedings.
It is so ordered.
SHAW, C.J., and BARKETT, KOGAN and HARDING, JJ., concur.
OVERTON and McDONALD, JJ., dissent.