PATTERSON, Judge.
Douglas Porter appeals from his judgment and sentence for first-degree murder, robbery with a firearm, and attempted robbery with a firearm and contends that the trial court erred in failing to sever the offenses. We agree and reverse for new trials.
On April 3, 1993, Jason Hartman, an employee of Chuck-E-Cheese’s Restaurant in Lakeland, was leaving work at approximately 12:40 a.m. As he was attempting to start his car, a man approached him, told him to open his doors, and threatened him with a sawed-off shotgun. Hartman jumped to the other side of the car, opened the door, and ran. As he was running away, he looked back and saw the stranger getting into his ear. The stranger attempted to start the car, but the engine died on him. Hartman identified co-defendant Albert Leon Fletcher as the person who pointed the shotgun at him. In a taped statement, Porter said that Fletcher could not start Hartman’s car, so Fletcher jumped back in the car Porter was driving and they drove off.
At 1:30 a.m. on April 3, 1993, at the intersection of Harden Boulevard and Drainfield Road in Lakeland, a motorist drove up on a car parked in his lane of travel, which was blocked by a larger ear parked diagonally in front of it. The motorist saw a person exit the passenger side, look in his direction, and hurry to the larger car which then drove away. The motorist found a pay phone and called 911. The driver of the parked ear, Nelson Oliveras, died of massive bleeding from a gunshot wound to the neck. In his taped statement, Porter admitted that the plan was to stop and take money from Oliv-eras, but that there was not supposed to be a shooting. Porter said that Fletcher shot a hole in Oliveras’ tire to stop his car and Porter pulled in front of the car. Fletcher got out and told the man to give him money. After hearing a shot, Porter saw Fletcher trying to get the man’s wallet. The victim’s blood type was found on the passenger side of Porter’s car and on the sawed-off shotgun in Porter’s car.
The state charged Porter and codefendant Fletcher with first-degree murder of Nelson Oliveras (count I), attempted armed robbery of Nelson Oliveras (count II), and robbery of Jason Hartman (count III). Porter filed a motion to sever counts I and II from count III, which the trial court denied. After a jury trial, Porter was found guilty as charged.
Based on the authority of Crossley v. State, 596 So.2d 447 (Fla.1992), we must reverse Porter’s convictions and remand for separate trials. Upon a timely motion, the defendant has a right to sever “two or more offenses improperly charged in a single indictment or information.” Fla.R.Crim.P. 3.152. To be properly charged together, offenses must be “based on the same act or transaction or on two or more connected acts or transactions.” Fla.R.Crim.P. 3.150. The trial court abused its discretion in denying the motion to sever the charges for the Oliv-eras murder and attempted robbery from the charge for the Hartman robbery because the acts were not connected. “The danger in improper consolidation lies in the fact that evidence relating to each of the crimes may have the effect of bolstering the proof of the other.” Crossley, 596 So.2d at 450.
*186 In Crossley, the court held that the two crimes were “entirely independent,” even though they occurred within a few hours of each other, a few miles apart, and the defendant was driving the car stolen from the first robbery when he committed the second robbery. 596 So.2d at 450. The court held that the trial court abused its discretion in failing to sever the offenses. Like Crossley, the offenses here occurred within a short time frame and in the same geographical area, and like Crossley, appear to be entirely independent of each other. Accordingly, we reverse Porter’s judgment and sentence and, upon remand, direct the trial court to try counts I and II separately from count III.
Reversed and remanded.
CAMPBELL, A.C.J., and QUINCE, J., concur.