PER CURIAM.
Thomas A. Arnone filed a petition for writ of prohibition challenging the sua sponte order of the Chief Judge of the Tenth Judicial Circuit that reassigned and consolidated his criminal case with another criminal case. We treat the petition as one seeking certiora-ri review, and dismiss it for lack of jurisdiction. See Parkway Bank v. Fort Myers Armature Works, Inc., 658 So.2d 646 (Fla. 2d DCA 1995).
The state charged Mr. Arnone and his two eodefendants with racketeering for the alleged sale of obscene magazines at the Varsity Theater between August 1994 and April 1996. His case was initially assigned to a division handled by Judge Cecelia Moore. In a separate information, the state charged Gerald L. Florand with racketeering and wholesale promotion of obscene material arising out of the alleged sale of videotapes at Video X-tra between January and March of 1996. Mr. Florand’s case was originally pending before Judge Oliver L. Green. The chief judge’s order, without a motion from any party and without any notice or hearing, reassigned Mr. Arnone’s case to Judge Green' and consolidated it with Mr. Florand’s ease, apparently for all purposes. Except for legal issues relating to obscenity, these cases appear to share nothing in common.
Neither party has addressed the propriety of a writ of prohibition as a method to prevent either a reassignment or a consolidation under these circumstances. We have found no case that relies upon a jurisdictional basis to prohibit a cMef judge from transferring a criminal case from one division to another. Although the complete consolidation described in the reassignment order seems odd, it has already occurred and, thus, cannot now be prohibited. See English v. McCrary, 348 So.2d 293, 297 (Fla.1977). Accordingly, we see no basis to grant relief by issuing a writ of prohibition.
We next consider whether we can grant relief by treating the petition as one seeking common law certiorari. Florida Rule of Criminal Procedure 3.151(a) authorizes consolidation of cases involving “related” offenses, i.e., offenses “based on the same act or transaction or on 2 or more •connected acts or transactions.” The Florida Supreme Court interprets this language to mean that the offenses must be “connected in an episodic sense.” See Fotopoulos v. State, 608 So.2d 784, 790 (Fla.1992) (citing Wright v. State, 586 So.2d 1024, 1029-30 (Fla.1991)). These two eases appear to involve distinct defendants, locales, and times, and to share *579 only some common legal issues. Nevertheless, this court’s certiorari jurisdiction cannot be invoked unless the petitioner establishes that no adequate remedy is available on plenary appeal to correct the judicial error. See Parkway Bank, 658 So.2d at 649. Case law is replete with examples of direct appeals that have resulted in reversed convictions following or upon improper consolidation or denial of severance. See, e.g., Porter v. State, 671 So.2d 184 (Fla. 2d DCA 1996); Granville v. State, 625 So.2d 1258 (Fla. 1st DCA 1993). Because the consolidation was ordered without motion or notice, we conclude that Mr. Amone is entitled to seek a severance of the combined offenses pursuant to Florida Rule of Criminal Procedure 3.152 because the consolidated offenses are now treated “as if the prosecution were under a single indictment or information.” Fla. R.Crim. P. 3.151(b). Thus, at least concerning the consolidation, Mr. Arnone has a possible pretrial remedy in the trial court, as well as a right to raise the issue on any subsequent direct appeal.
Petition for writ of certiorari dismissed.
DANAHY, A.C.J., and FRANK and ALTENBERND, JJ., concur.