NESBITT, J.
The State of Florida petitions this court for certiorari to review the trial court’s order granting defendant Rory Enrique Conde’s motion to consolidate offenses for trial. We hereby grant the writ, and quash the order under review.
On July 12, 1995, Conde was charged in one indictment with six counts of first-degree murder, for murders which had occurred between mid-September 1994 and mid-January 1995. On July 19, 1995, Conde moved to sever the six murder counts. The State conceded that the crimes should not have been joined in the first place, and the trial court granted the severance. The State later decided to try the last-in-time murder first, and to introduce Williams Rule evidence of the prior five murders. The trial court ruled to allow limited evidence concerning the first five murders into the trial of the sixth murder. Conde then decided, for strategic reasons, to move to re-consolidate the six murder charges into one trial, rather than to face the murder charges one at a time with the evidence of the other murders being introduced. After a hearing, the trial court granted Conde’s motion to consolidate the charges for trial.
We agree with the State that, in ordering the charges against Conde re-consolidated, the trial judge - abused his discretion. The six murder charges here were previously and properly severed — that is, the murders were not sufficiently related in time, place, or manner to be tried together. As this Court recognized in Macklin v. State, 395 So.2d 1219, 1221 n. 2 (Fla. 3d DCA 1981), “if the offenses cannot be joined, they cannot be consolidated; and if they cannot be consolidated, they cannot be joined.” Therefore, since we conclude that these six murder charges cannot be joined, and indeed were properly severed, it follows that they cannot be consolidated for trial.
Florida Rule of Criminal Procedure 3.150 and Florida case law provide that joinder of offenses is permitted when the two offenses are “connected” or “sufficiently close temporarily, geographically, and factually.” See Fla. R.Crim. P 3.150; Crossley v. State, 596 So.2d 447, 449 (Fla.1992) (citing the appellate court’s opinion in Crossley v. State, 580 So.2d 801, 804 (Fla. 1st DCA 1991)). The Crossley decision is the seminal case. As that Court explained, the joinder rules do not “warrant joinder or consolidation of criminal charges based on similar but separate episodes, separated in time, which are ‘connected’ only by similar circumstances and the accused’s alleged guilt....” Crossley, 596 So.2d at 449 (citing Judge Smith’s dissent in Paul v. State, 365 So.2d 1063, 1065 (Fla. 1st DCA 1979)). That is precisely the situation we have in the instant case — offenses based on similar but separate episodes.
Conde stands accused of six murders by strangulation which occurred during a four-month period. The murders were committed approximately two to three *80 weeks apart. That the method of each killing was strangulation and the victims’ bodies were all discovered in the vicinity of the Tamiami Trail area of Dade County does not mean that the murders were “connected” so as to permit joinder (or consolidation). Compare the like circumstances in the following cases, where join-der (or refusal to sever) was held to be improper: Crossley v. State, 596 So.2d 447 (Fla.1992) (defendant had, on the same day but separated by several hours, kidnapped a waitress and robbed her of her car and her purse, then later robbed a cashier at a nearby convenience store); Pittman v. State, 693 So.2d 1133 (Fla. 1st DCA 1997) (cocaine sales which occurred on different days); McMullen v. State, 405 So.2d 479 (Fla. 3d DCA 1981) (defendant committed five separate robberies within a nine-day period in the northwest quadrant of Dade County, where four of the five robberies involved fast food restaurants); Macklin v. State, 395 So.2d 1219 (Fla. 3d DCA 1981) (defendant’s crimes were two taxicab robberies, which occurred five days apart and at locations one block apart, where the cabs had been dispatched to the area by a prior phone call); Paul v. State, 365 So.2d 1063 (Fla. 1st DCA 1979), quashed, 385 So.2d 1371 (Fla.1980)[1] (defendant had committed a rape in a dormitory shower area on the FAMU campus and, one month later, committed another rape in a dormitory shower area on the FAMU campus). As in the cited cases, here the defendant committed similar crimes on separate occasions, distinct in time. Contrast the circumstances of an infamous Florida case where separate offenses were permitted to be tried together. In serial killer Ted Bundy’s case, the Supreme Court allowed joinder of three murders and two attempted murders Bundy was accused of committing. See Bundy v. State, 455 So.2d 330 (Fla.1984). The attacks all occurred on the same night, and all occurred in the vicinity of the FSU campus in Tallahassee. In one sorority house, four women were attacked (two of whom were killed); in another nearby apartment, another woman was attacked and killed. All the women were beaten with a club. The Court characterized the attacks as connected in time, place, type of crime, and manner, and allowed joinder. Id. at 345. The murders allegedly committed by Conde are clearly distinguished, as each was separated from the next by several weeks time.
For the aforementioned reasons, we quash the order under review. This opinion is final forthwith; no motions for rehearing will be entertained.

. In reversing the First District’s decision to allow joinder, the Florida Supreme Court adopted Judge Smith’s dissent in Paul v. State, 365 So.2d 1063, 1065 (Fla. 1st DCA 1979) (Smith, J., dissenting).