909 So.2d 547 (2005)
Victor S. RODRIGUEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-996.
District Court of Appeal of Florida, Fourth District.
August 31, 2005.
*548 Carey Haughwout, Public Defender, and James W. McIntire, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Laura Fisher Zibura, Assistant Attorney General, West Palm Beach, for appellee.
TAYLOR, J.
Appellant, Victor S. Rodriguez, was charged by information with armed kidnapping (Count 1), aggravated battery (Count 2), and manufacturing cannabis (Count 4).[1] Following a jury trial, appellant was acquitted of Counts 1 and 2 and convicted of Count 4. He appeals his conviction and sentence on Count 4, contending that the trial court reversibly erred in denying his motion to sever Count 4 from Counts 1 and 2. We agree and reverse for a new trial.
The armed kidnapping and aggravated battery counts arose from an incident involving appellant and his ex-girlfriend, Bernice DeLaVega. DeLaVega was appellant's girlfriend for about eight months in 2002. After they broke up, they kept in *549 touch and occasionally saw each other. On January 26, 2003, DeLaVega and appellant went to a mutual friend's dinner party together. DeLaVega met appellant at The Latin Café, then rode with him to the party in his truck. DeLaVega said that after the dinner party, appellant refused to take her to her car, but instead drove her to his trailer. When they arrived, DeLaVega wanted to remain in the truck but appellant insisted that she go inside the trailer. Once inside, appellant told her that he wanted to be with her and to have sex with her. When she refused, he got angry and started hitting her on her head and neck. She tried to escape by running out of the trailer. But appellant chased her, caught her, and dragged her by her hair back inside the trailer.
Appellant grabbed a knife from the kitchen and cut her neck and back. He told her he was going to kill her and took her into his bedroom. He forced her to lie on his bed and, while holding a knife, tied her up with an extension cord from neck to foot. DeLaVega could not scream because appellant tied a tee-shirt over her mouth. He again threatened to kill her and said he was going to throw her into the Everglades where no one would ever find her.
Three hours later, around 3:00 a.m., appellant gave DeLaVega a choice of remaining tied up or going with him to get cigarettes. DeLaVega decided to go with appellant to get cigarettes. Appellant drove to the gas station and threatened to stab DeLaVega with his knife if she said anything. He held onto her so she could not run.
When they arrived at the gas station, appellant left DeLaVega in the truck with the engine running and keys in the ignition. While appellant was inside the station buying cigarettes, DeLaVega moved over to the driver's seat and drove away. She first drove to appellant's trailer to get her purse and keys, then went to The Latin Café to pick up her car. Once she was home safe, she called the police.
Two police officers were on the scene when appellant drove up to his trailer. Appellant consented to a search of his trailer. A crime scene technician found 182 marijuana plants in one of the bedrooms. Appellant was arrested and later tried for manufacturing cannabis, along with armed kidnapping and aggravated battery.
Before trial, appellant moved to sever the manufacturing cannabis charge from the kidnapping and aggravated battery charges, arguing potential prejudice. The prosecutor conceded that severance would be appropriate because the offenses were not connected in a significant way. However, the trial court denied the motion for severance, reasoning that the cannabis charge was "the least egregious, the least serious charge" and would not inflame or otherwise influence the jury in considering the verdict.
The jury found appellant not guilty of the armed kidnapping and aggravated battery charges, but guilty of manufacturing cannabis. Appellant, who had no prior criminal convictions, was sentenced to a maximum term of five years in prison on the cannabis conviction.
Appellant argues on appeal that the trial court should have severed the charge of manufacturing marijuana from the armed kidnapping and aggravated battery of DeLaVega. He contends that there was no significant causal link between these criminal offenses, and that joining them in a single information and trying them together resulted in harmful error.
Whether the trial court erred in denying appellant's motion to sever is reviewed for an abuse of discretion. See *550 Crossley v. State, 596 So.2d 447, 450 (Fla.1992); Stephens v. State, 863 So.2d 434, 436 (Fla. 4th DCA 2003); Bateson v. State, 761 So.2d 1165, 1169 (Fla. 4th DCA 2000). Before permitting charges of separate crimes to be tried together, the trial court must be careful that there is a meaningful relationship between the charges. Crossley, 596 So.2d at 450. The danger in improper consolidation is that evidence relating to one crime may improperly bolster the proof of the other.
For separate offenses to be tried together they must be connected in a "significant way." Stephens, 863 So.2d at 436 (citing Ellis v. State, 622 So.2d 991, 1000 (Fla.1993)). Offenses are considered connected in a significant way when they occur during a "crime spree" or are causally related to each other. Id. For purposes of joinder, "crime spree" offenses generally require not only temporal and geographical proximity, but a similarity between the offenses as well. Id.
Here, though the crimes may have been connected temporally and geographically, the cannabis cultivation charge was not similar to the kidnapping and aggravated battery charge. Thus, the third requirement for a crime spree, i.e., similarity, was not satisfied.
Also, the second criterion for joinder, a causal link between the offenses, is not met in this case. In Ellis, the supreme court explained that joinder is appropriate where there is "a causal link" between two crimes. Crimes are causally linked when one crime is used to induce the other or when evidence of one crime is necessary to explain the other. 622 So.2d at 1000.
In this case, there was no causal link between Count 4 (manufacturing cannabis) and Counts 1 and 2 (armed kidnapping and aggravated battery). The crimes alleged in Counts 1 and 2 did not induce or explain the crime charged in Count 4 and vice versa. These were not connected acts or transactions, as required by Rule 3.150(a) of the Florida Rules of Criminal Procedure. See Garcia v. State, 568 So.2d 896, 899 (Fla.1990) (explaining that "the `connected acts or transactions' requirement of rule 3.150 means that the acts joined for trial must be considered `in an episodic sense'"). In sum, there was no meaningful relationship between the charges.
We cannot say that the error in denying appellant's motion to sever was harmless beyond a reasonable doubt. The state argues that appellant suffered no prejudice because, even if there had been separate trials, the evidence of each offense would have been admissible at the trial of the other. See Crossley, 596 So.2d at 450 (similar fact evidence might render failure to sever harmless). We disagree with the state's position. Count 4 was not admissible in trial on counts 1 and 2 as similar fact evidence. The crimes were very different; one involved drug manufacturing and the others concerned acts of violence. Further, these offenses were not inextricably intertwined and could have been proven independently without reference to each other.
For the reasons stated above, we reverse and remand for a new trial on the manufacturing cannabis charge.
Reversed For New Trial.
WARNER and KLEIN, JJ., concur.
NOTES
[1] The grand theft auto offense (count 3) was nolle prossed.