ALLEN, J.
The appellant challenges an order by which the trial court denied his Florida Rule of Criminal Procedure 3.850 motion for postconvietion relief. Because there is a reasonable probability that the result of the appellant’s trial would have been different had his counsel not provided deficient performance by failing to secure a severance of his charges, we reverse both the order under review and the appellant’s convictions.
The appellant was charged by a single information with two drug offenses. After a jury trial, he was found guilty of a lesser included offense on the first count, and guilty as charged on the second count. He thereafter timely filed a rule 3.850 motion, claiming that his counsel was ineffective for failing to secure a severance of the two charges. After conducting an evidentiary hearing on the claim, the trial court correctly concluded that defense counsel’s failure to move for and thereby secure a severance of the charges satisfied the deficient performance prong of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Reasoning, however, that evidence of either offense would *1087 have been admissible in the trial of the other as similar fact evidence pursuant to section 90.404(2)(a), Florida Statutes, the trial court further concluded that the prejudice prong of Strickland was not satisfied.
When offenses are improperly consolidated for trial, there is a risk of prejudice to the defense. As the Florida Supreme Court has explained:
The danger in improper consolidation lies in the fact that evidence relating to each of the crimes may have the effect of bolstering the proof of the other. While the testimony in one case standing alone may be insufficient to convince a jury of the defendant’s guilt, evidence that the defendant may also have committed another crime can have the effect of tipping the scales.
Crossley v. State, 596 So.2d 447, 450 (Fla.1992). When improperly consolidated offenses are of the same type, as was the situation in the present case, the risk of prejudice is only heightened. In light of these considerations, and upon review of the particular circumstances involved here, we conclude that there is a reasonable probability that the improper consolidation of offenses affected the outcome of the appellant’s trial. Although Crossley recognizes that prejudice flowing from improper consolidation might be eliminated in a situation in which testimony concerning each of the crimes could have been introduced as similar fact evidence in the trial of any one of the improperly consolidated charges, the record in the present case does not demonstrate that evidence of either offense would have been admissible as similar fact evidence in the trial of the other.
Because there is a reasonable likelihood that the outcome of the appellant’s trial would have been different had his counsel moved for and secured a severance of the charges, the prejudice prong of Strickland was established. And because this reasonable likelihood of prejudice extends to both of the appellant’s convictions, both must be reversed. Accordingly, the order under review is reversed, as are both of the appellant’s convictions, and this case is remanded to the trial court for further proceedings.
DAVIS and BENTON, JJ., concur.