9 So.3d 725 (2009)
Javier Enrique GONZALES, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-4876.
District Court of Appeal of Florida, Fourth District.
April 22, 2009.
Carey Haughwout, Public Defender, and Peggy Natale, Assistant Public Defender, West Palm Beach, for appellant.
*726 Bill McCollum, Attorney General, Tallahassee, and Katherine Y. Mclntire, Assistant Attorney General, West Palm Beach, for appellee.
MAY, J.
The defendant appeals his conviction and sentence for felony DUI, possession of cocaine, resisting without violence, and battery. He argues the trial court erred in denying his motion to sever the possession of cocaine charge from the felony DUI charge. We disagree and affirm.
A passing motorist discovered the defendant slumped over the steering wheel of his car, unconscious, in an intersection at around 4:00 a.m. The motorist observed the defendant release the brake and idle forward after she sounded her car horn. She positioned her vehicle in front of the defendant's car to prevent him from going further down the road. She and another motorist were barely able to wake the defendant by honking, yelling, and banging on his windows. Although neither smelled alcohol on the defendant's breath, one thought he remembered the defendant had admitted he had been drinking.
A Palm Beach County Sheriff's deputy again awoke the defendant upon his arrival. When he asked the defendant where he was, the defendant wrongly replied that he was in Fort Myers. The defendant's actions were very slow and unresponsive, his face was flushed, and his eyes red and bloodshot. The deputy concluded the defendant was impaired.
The deputy asked the defendant if he had any medical conditions. The defendant replied, "No, I'm just f____ed up." Unable to maintain his balance without stumbling, the defendant refused to perform a roadside sobriety test. Detecting the smell of alcohol, the deputy arrested him for DUI. The deputy then discovered cocaine in the defendant's pocket. While awaiting the administration of a breathalyzer test, the defendant became combative and hit the deputy.
The State charged the defendant with felony DUI, possession of cocaine, resisting without violence, driving while license canceled, suspended or revoked, and battery. The DUI count alleged that the defendant unlawfully drove or was in control "of a vehicle while under the influence of alcoholic beverages, chemicals or any substance controlled under Chapter 893 or any combination thereof, to the extent his normal faculties were impaired. ..."
The defendant moved to sever the offenses. The State agreed to severance of the driving without a license charge, but not the DUI offense. The trial court denied the motion as it related to the DUI charge. Before trial, the defendant renewed his motion to sever; the trial court again denied the motion.
The jury found the defendant guilty as charged. The court adjudicated the defendant guilty and sentenced him to two years in prison, followed by two years of probation. On appeal, the defendant raises the single issue of the propriety of the court's denial of his motion to sever the possession of cocaine charge. We review such orders for an abuse of discretion. Crossley v. State, 596 So.2d 447, 450 (Fla.1992).
Florida Rule of Criminal Procedure 3.150(a) provides that multiple offenses "may be charged in the same indictment or information in a separate count for each offense, when the offenses ... are based on the same act or transaction or on 2 or more connected acts or transactions." A court "shall grant a severance of charges... on a showing that the severance is appropriate to promote a fair determination of the defendant's guilt or innocence of each offense." Fla. R.Crim. P. 3.152(a)(2).
*727 In Crossley, the Supreme Court of Florida examined the severance rule and discussed the need to balance the "convenience and the preservation of the courts' valuable resources" against the "defendant's right to a fair trial." 596 So.2d at 449-50 (noting that "practicality and efficiency cannot outweigh the defendant's right to a fair trial"). "[T]he court must be careful that there is a meaningful relationship between the charges of two separate crimes." Id. at 450. However, where the offenses are "clearly connected in an episodic sense" and there is "no showing that severance of the properly joined offenses was necessary to promote a fair determination of [the defendant's] guilt or innocence," a trial court does not abuse its discretion by denying a motion to sever. Fotopoulos v. State, 608 So.2d 784, 790 (Fla.1992).
Here, the defendant argues that the State improperly bolstered its proof of the DUI charge with evidence of the cocaine when the State was unable to prove that the defendant had actually consumed the cocaine. Without that improper bolstering, the defendant argues the jury may have been unable to overcome his theory that he was simply exhausted. We disagree.
A defendant may be convicted of driving under the influence where sufficient evidence supports a verdict that he was affected by a "controlled substance, which includes cocaine," to the extent his "normal faculties are impaired." Sabree v. State, 978 So.2d 840, 841 (Fla. 4th DCA 2008) (emphasis added). The defendant's possession of cocaine was circumstantial evidence that the defendant was under the influence of the cocaine as alleged in the information. In fact, the jury was instructed that to convict the defendant of the DUI charge, the State must prove that the defendant, while driving, "was under the influence of alcoholic beverages or a controlled substance to the extent that his normal faculties were impaired" and that "[c]ocaine is a controlled substance under Florida law."
Even more importantly, the evidence of the defendant's impaired condition was significant. He was found slumped over the wheel of his vehicle in the middle of an intersection at 4:00 a.m. Passing motorists had difficulty waking him. When the deputy arrived, he observed the defendant's face flushed and his eyes red and bloodshot. The deputy smelled alcohol on the defendant's breath. When asked where he was, the defendant replied that he thought he was in Fort Myers. In short, the evidence was more than sufficient to convict the defendant of DUI. There was therefore no danger of improper bolstering.
Accordingly, severance was not required "to promote a fair determination of the defendant's guilt or innocence of each offense." Fla. R.Crim. P. 3.152(a)(2)(A). And, unlike Crossley, the DUI and possession charge arose out of, and constituted, a single criminal episode. The offenses were properly charged and tried together.
Affirmed.
STEVENSON, J., concurs.
TAYLOR, J., dissents with opinion.
TAYLOR, J., dissenting.
I respectfully dissent. Appellant's motion to sever the possession of cocaine charge from the DUI charge at trial should have been granted. Although the two charges are connected in an episodic sense, because the search incident to the DUI arrest produced the cocaine found in appellant's pocket, a severance was necessary "to promote a fair determination of the defendant's guilt or innocence of each *728 offense." See Fla. R.Crim. P. 3.152(a)(2)(A). Allowing the jury to hear evidence that appellant possessed cocaine at the time of his DUI arrest created a substantial risk that this evidence would unfairly bolster the state's proof of DUI, which primarily showed impairment by alcohol. See Sule v. State, 968 So.2d 99, 104 (Fla. 4th DCA 2007) ("The danger of improper consolidation lies in the fact that evidence relating to one crime may have the effect of bolstering the proof of the other.") (citing Crossley v. State, 596 So.2d 447, 450 (Fla.1992)).
In this case, the state presented evidence that appellant had consumed alcohol, but no evidence whatsoever that he had ingested any of the cocaine found in his pocket. Appellant was found asleep at the wheel. When awakened by the deputy, he was very slow, unresponsive, and unable to maintain his balance without stumbling. His face was flushed, his eyes were bloodshot, and he had alcohol on his breath. Typically, these are signs of impairment by alcohol. In addition, appellant admitted that he had been drinking. The state did not present any evidence suggesting that appellant had ingested cocaine or that he showed any signs of having ingested cocaine. Without some predicate facts tying the cocaine found in appellant's pocket to his impaired condition, evidence of the cocaine was not material to the DUI charge; it unfairly invited the jury to speculate that appellant was under the influence of cocaine. Had the charges been severed and the DUI case tried separately, the jury would have been prohibited from hearing that cocaine was found in appellant's possession, because the danger of unfair prejudice would have substantially outweighed the probative value of this evidence. See Fla. Stat. § 90.403 (relevant evidence is inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice).
This case is similar to our recent opinion in Estrich v. State, 995 So.2d 613 (Fla. 4th DCA 2008). There, the defendant was charged with DUI manslaughter as the result of a fatal car accident. He was also charged with a small quantity of marijuana found in his pocket after the crash. The state's case focused on Xanax as the cause of the defendant's impairment. Id. at 617. However, evidence showed that the defendant had a trace amount of marijuana in his blood. The defendant moved to sever the marijuana charge from the DUI manslaughter charge. He also moved to exclude evidence of the marijuana metabolite in his blood, arguing that such evidence was prejudicial. The trial court denied both motions. We reversed, stating:
Allowing the jury to hear that the defendant possessed .95 grams of marijuana had a prejudicial effect on the trial of the manslaughter charge. There was a significant risk that evidence of the defendant's possession of an illegal drug would bolster the state's contention that yet another drug impaired the defendant's ability to drive. The circuit court abused its discretion in denying severance and on retrial the DUI charge shall be severed from the marijuana possession charge.
Id. at 618.
Estrich is somewhat distinguishable from this case in that the evidence there showed, and the state conceded, that Xanax was the likely cause of the defendant's impairment, and that marijuana was not a contributing factor. Here, there was no evidence or concession that cocaine was not a cause of the defendant's impairment. But, more important, there was no evidence that it was. The state presented no proof of any cocaine use at all. There were no blood test results indicating that *729 cocaine was present in appellant's system. There was no testimony that appellant's appearance and behavior were consistent with cocaine consumption.[1] Appellant made no admissions to using cocaine. In short, the state had no evidentiary basis for arguing to the jury, as it did, that appellant was probably impaired by cocaine. The prosecutor told the jury:
All you have to focus on is the elements of the crimes, and if I proved the elements of the crime it doesn't matter that  if he had white powder on his nose  we know he had cocaine on him, we know he did; we know that he was drinking, he admitted that he was drinking to two separate people  it doesn't matter, we just need to know whether he was drinking or taking cocaine or any controlled substance  it's an either/or  or both to the point that his normal faculties were impaired.
Appellant testified that his condition was due to lack of sleep and extreme exhaustion. Of course, the jury was free to reject this testimony. But while evidence of appellant's alcohol consumption may have been insufficient to convince the jury of his guilt, evidence that he possessed cocaine could have "tipped the scale" for a DUI conviction. See Estrich, 995 So.2d at 618 (quoting Rodriguez v. State, 909 So.2d 547, 550 (Fla. 4th DCA 2005)). This evidence served to bolster the state's theory, based on impermissible inferences, that because appellant had cocaine in his possession, he must have used it, and, as a result, become too impaired to drive. I believe the trial court abused its discretion in failing to sever the cocaine possession charge from the DUI and would reverse and remand for a new trial
NOTES
[1] "Taken in small amounts (up to 100 mg), cocaine usually makes the user feel euphoric, energetic, talkative, and mentally alert, especially to the sensations of sight, sound, and touch. It can also temporarily decrease the need for food and sleep." National Institute on Drug Abuse, Research Report Series-Cocaine Abuse and Addiction, at http://www.n ida.nih.gov/51 fresearchreports/cocaine/cocaine3.html#short.