MAY, J.
The defendant appeals his conviction and sentence for felony DUI, possession of cocaine, resisting without violence, and battery. He argues the trial court erred in denying his motion to sever the possession of cocaine charge .from the felony DUI charge. We disagree and affirm.
A passing motorist discovered the defendant slumped over the steering -wheel of his car, unconscious, in an intersection at around 4:00 a.m. The motorist observed the defendant release the brake and idle forward after she sounded her car horn. She positioned her vehicle in front of the defendant’s car to prevent him from going further down the road. She and another motorist were barely able to wake the defendant by honking, yelling, and banging on his windows. Although neither smelled alcohol on the defendant’s breath, one thought he remembered the defendant had admitted he had been drinking.
A Palm Beach County Sheriffs deputy again awoke the defendant upon his arrival. When he asked the defendant where he was, the defendant wrongly replied that he was in Fort Myers. The defendant’s actions were very slow and unresponsive, his face was flushed, and his eyes red and bloodshot. The deputy concluded the defendant was impaired.
The deputy asked the defendant if he had any medical conditions. The defendant replied, “No, I’m just f-ed up.” Unable to maintain his balance without stumbling, the defendant refused to perform a roadside sobriety test. Detecting the smell of alcohol, the deputy arrested him for DUI. The deputy then discovered cocaine in the defendant’s pocket. While awaiting the administration of a breathalyzer test, the defendant became combative and hit the deputy.
The State charged the defendant with felony DUI, possession of cocaine, resisting without violence, driving while license canceled, suspended or revoked, and battery. The DUI count alleged that the defendant unlawfully drove or was in control “of a vehicle while under the influence of alcoholic beverages, chemicals or any substance controlled under Chapter 893 or' any combination thereof, to the extent his normal faculties were impaired.... ”
The defendant moved to sever the offenses. The State agreed to severance of the driving without a license charge, but not the DUI offense. The trial court denied the motion as it related to the DUI charge. Before trial, the defendant renewed his motion to sever; the trial court again denied the motion.
The jury found the defendant guilty as charged. The court adjudicated the defendant guilty and sentenced him to two years in prison, followed by two years of probation. On appeal, the defendant raises the single issue of the propriety of the court’s denial of his motion to sever the possession of cocaine charge. We review such orders for an abuse of discretion. Crossley v. State, 596 So.2d 447, 450 (Fla.1992).
Florida Rule of Criminal Procedure 3.150(a) provides that multiple offenses “may be charged in the same indictment or information in a separate count for each offense, when the offenses ... are based on the same act or transaction or on 2 or more connected acts or transactions.” A court “shall grant .a severance of charges ... on a showing that the severance is appropriate to promote a fair determination of the defendant’s guilt or innocence of each offense.” Fla. R.Crim. P. 3.152(a)(2).
*727 In Crossley, the Supreme Court of Florida examined the severance rule and discussed the need to balance the “convenience and the preservation of the courts’ valuable resources” against the “defendant’s right to a fair trial.” 596 So.2d at 449-50 (noting that “practicality and efficiency cannot outweigh the defendant’s right to a fair trial”). “[T]he court must be careful that there is a meaningful relationship between the charges of two separate crimes.” Id. at 450. However, where the offenses are “clearly connected in an episodic sense” and there is “no showing that severance of the properly joined offenses was necessary to promote a fair determination of [the defendant’s] guilt or innocence,” a trial court does not abuse its discretion by denying a motion to sever. Fotopoulos v. State, 608 So.2d 784, 790 (Fla.1992).
Here, the defendant argues that the State improperly bolstered its proof of the DUI charge with evidence of the cocaine when the State was unable to prove that the defendant had actually consumed the cocaine. Without that improper bolstering, the defendant argues the jury may have been unable to overcome his theory that he was simply exhausted. We disagree.
A defendant may be convicted of driving under the influence where sufficient evidence supports a verdict that he was affected by a “controlled substance, which includes cocaine,” to the extent his “normal faculties are impaired.” Sabree v. State, 978 So.2d 840, 841 (Fla. 4th DCA 2008) (emphasis added). The defendant’s possession of cocaine was circumstantial evidence that the defendant was under the influence of the cocaine as alleged in the information. In fact, the jury was instructed that to convict the defendant of the DUI charge, the State must prove that the defendant, while driving, “was under the influence of alcoholic beverages or a controlled substance to the extent that his normal faculties were impaired” and that “[c/ocaine is a controlled substance under Florida law.”
Even more importantly, the evidence of the defendant’s impaired condition was significant. He was found slumped over the wheel of his vehicle in the middle of an intersection at 4:00 a.m. Passing motorists had difficulty waking him. When the deputy arrived, he observed the defendant’s face flushed and his eyes red and bloodshot. The deputy smelled alcohol on the defendant’s breath. When asked where he was, the defendant replied that he thought he was in Fort Myers. In short, the evidence was more than sufficient to convict the defendant of DUI. There was therefore no danger of improper bolstering.
Accordingly, severance was not required “to promote a fair determination of the defendant’s guilt or innocence of each offense.” Fla. R.Crim. P. 3.152(a)(2)(A). And, unlike Crossley, the DUI and possession charge arose out of, and constituted, a single criminal episode. The offenses were properly charged and tried together.

Affirmed.

STEVENSON, J., concurs.
TAYLOR, J., dissents with opinion.