TAYLOR, J.,
dissenting.
I respectfully dissent. Appellant’s motion to sever the possession of cocaine charge from the DUI charge at trial should have been granted. Although the two charges are connected in an episodic sense, because the search incident to the DUI arrest produced the cocaine found in appellant’s pocket, a severance was necessary “to promote a fair determination of the defendant’s guilt or innocence of each *728 offense.” See Fla. R.Crim. P. 3.152(a)(2)(A). Allowing the jury to hear evidence that appellant possessed cocaine at the time of his DUI arrest created a substantial risk that this evidence would unfairly bolster the state’s proof of DUI, which primarily showed impairment by alcohol. See Sule v. State, 968 So.2d 99, 104 (Fla. 4th DCA 2007) (“The danger of improper consolidation lies in the fact that evidence relating to one crime may have the effect of bolstering the proof of the other.”) (citing Crossley v. State, 596 So.2d 447, 450 (Fla.1992)).
In this case, the state presented evidence that appellant had consumed alcohol, but no evidence whatsoever that he had ingested any of the cocaine found in his pocket. Appellant was found asleep at the wheel. When awakened by the deputy, he was very slow, unresponsive, and unable to maintain his balance without stumbling. His face was flushed, his eyes were bloodshot, and he had alcohol on his breath. Typically, these are signs of impairment by alcohol. In addition, appellant admitted that he had been drinking. The state did not present any evidence suggesting that appellant had ingested cocaine or that he showed any signs of having ingested cocaine. Without some predicate facts tying the cocaine found in appellant’s pocket to his impaired condition, evidence of the cocaine was not material to the DUI charge; it unfairly invited the jury to speculate that appellant was under the influence of cocaine. Had the charges been severed and the DUI case tried separately, the jury would have been prohibited from hearing that cocaine was found in appellant’s possession, because the danger of unfair prejudice would have substantially outweighed the probative value of this evidence. See Fla. Stat. § 90.403 (relevant evidence is inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice).
This case is similar to our recent opinion in Estrich v. State, 995 So.2d 613 (Fla. 4th DCA 2008). There, the defendant was charged with DUI manslaughter as the result of a fatal car accident. He was also charged with a small quantity of marijuana found in his pocket after the crash. The state’s case focused on Xanax as the cause of the defendant’s impairment. Id. at 617. However, evidence showed that the defendant had a trace amount of marijuana in his blood. The defendant moved to sever the marijuana charge from the DUI manslaughter charge. He also moved to exclude evidence of the marijuana metabolite in his blood, arguing that such evidence was prejudicial. The trial court denied both motions. We reversed, stating:
Allowing the jury to hear that the defendant possessed .95 grams of marijuana had a prejudicial effect on the trial of the manslaughter charge. There was a significant risk that evidence of the defendant’s possession of an illegal drug would bolster the state’s contention that yet another drug impaired the defendant’s ability to drive. The circuit court abused its discretion in denying severance and on retrial the DUI charge shall be severed from the marijuana possession charge.
Id. at 618.
Estrich is somewhat distinguishable from this case in that the evidence there showed, and the state conceded, that Xa-nax was the likely cause of the defendant’s impairment, and that marijuana was not a contributing factor. Here, there was no evidence or concession that cocaine was not a cause of the defendant’s impairment. But, more important, there was no evidence that it was. The state presented no proof of any cocaine use at all. There were no blood test results indicating that *729 cocaine was present in appellant’s system. There was no testimony that appellant’s appearance and behavior were consistent with cocaine consumption.[1] Appellant made no admissions to using cocaine. In short, the state had no evidentiary basis for arguing to the jury, as it did, that appellant was probably impaired by cocaine. The prosecutor told the jury:
All you have to focus on is the elements of the crimes, and if I proved the elements of the crime it doesn’t matter that — if he had white powder on his nose — we know he had cocaine on him, we know he did; we know that he was drinking, he admitted that he was drinking to two separate people — it doesn’t matter, we just need to know whether he was drinking or taking cocaine or any controlled substance — it’s an either/or— or both to the point that his normal faculties were impaired.
Appellant testified that his condition was due to lack of sleep and extreme exhaustion. Of course, the jury was free to reject this testimony. But while evidence of appellant’s alcohol consumption may have been insufficient to convince the jury of his guilt, evidence that he possessed cocaine could have “tipped the scale” for a DUI conviction. See Estrich, 995 So.2d at 618 (quoting Rodriguez v. State, 909 So.2d 547, 550 (Fla. 4th DCA 2005)). This evidence served to bolster the state’s theory, based on impermissible inferences, that because appellant had cocaine in his possession, he must have used it, and, as a result, become too impaired to drive. I believe the trial court abused its discretion in failing to sever the cocaine possession charge from the DUI and would reverse and remand for a new trial

. "Taken in small amounts (up to 100 mg), cocaine usually makes the user feel euphoric, energetic, talkative, and mentally alert, especially to the sensations of sight, sound, and touch. It can also temporarily decrease the need for food and sleep." National Institute on Drug Abuse, Research Report Series-Cocaine Abuse and Addiction, at http://www.n ida.nih.gov/51fresearchreports/cocaine/co-caine3 .html#short.