NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

In the interest of E.H., a child.                )
                                                 )
                                                 )
A.C.,                                            )
                                                 )
                    Petitioner,                  )
                                                 )
v.                                               )          Case No:  2D14-3566
                                                 )
DEPARTMENT OF CHILDREN AND                       )
FAMILY SERVICES, and GUARDIAN                    )
AD LITEM PROGRAM,                                )
                                                 )
                    Respondents.                 )
                                                 )

Opinion filed November 14, 2014.

Petition for Writ of Certiorari to the Circuit
Court for Hillsborough County; Elizabeth G.
Rice, Judge.

Melissa A. Cordon, Tampa, for Petitioner.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Meredith Hall, Assistant
Attorney General, Tampa, for Respondent
Department of Children and Family Services.

Jennifer S. Paullin, Guardian ad Litem
Program, Sanford, for Respondent Guardian
ad Litem Program.


PER CURIAM.

A.C., the mother in a termination of parental rights case, petitions this court for a writ of certiorari to quash a nonfinal order denying A.C.'s motion to set aside a previous order of consent by nonappearance. Because A.C. has failed to demonstrate that the order will result in material injury that cannot be corrected on postjudgment appeal, we dismiss the petition without prejudice to A.C. raising the same issue on direct appeal if and when a final termination order is rendered. See Harris v. State, 99 So. 3d 952, 952 (Fla. 2d DCA 2012) (table decision) (dismissing petition without prejudice to raise the issue again on direct appeal); see also Arnone v. State, 701 So. 2d 577, 579 (Fla. 2d DCA 1997) ("[T]his court's certiorari jurisdiction cannot be invoked unless the petitioner establishes that no adequate remedy is available on plenary appeal to correct the judicial error." (citing Parkway Bank v. Fort Myers Armature Works, Inc., 658 So. 2d 646, 649 (Fla. 2d DCA 1995))).

Petition dismissed.

CASANUEVA, VILLANTI, and WALLACE, JJ., Concur.