790 So.2d 513 (2001)
Cecil WEST, Appellant,
v.
STATE of Florida, Appellee.
No. 5D00-3267.
District Court of Appeal of Florida, Fifth District.
June 29, 2001.
Rehearing Denied August 3, 2001.
*514 James B. Gibson, Public Defender, and Rosemarie Farrell, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Allison Leigh Morris, Assistant Attorney General, Daytona Beach, for Appellee.
PLEUS, J.
Cecil West appeals the denial of his 3.800 motion to correct an illegal sentence. West was convicted for two offenses of sale of cocaine and possession of cocaine after an incident which occurred on January 2, 1990. He was adjudicated an habitual offender and sentenced to ten years in prison on the possession count, and a consecutive five years probation on the sale count. He was released from probation on July 21, 1999, and a warrant for violation of probation against him was issued on October 20, 1999. West asserts that his probation sentence is illegal because, under Hale v. State, 630 So.2d 521 (Fla.1993), consecutive habitual offender sentences for two offenses are improper where the offenses arise out of a single criminal episode. Accordingly, he submits, he should have been released on July 21, 1999, after serving his habitual offender sentence on the possession count. The trial court, in rejecting West's Hale argument, concluded that the holding of the Florida Supreme Court in State v. Callaway, 658 So.2d 983 (Fla. 1995), acted as a procedural bar to West bringing his motion under Rule 3.800(a), Florida Rules of Criminal Procedure. Because West is challenging the finding of a procedural bar, our standard of review is de novo. Bain v. State, 730 So.2d 296 (Fla. 2d DCA 1999).
In Callaway, the supreme court found that the Hale argument in that case could not be raised in a 3.800 motion because *515 it could not be determined from the face of the record that the two convictions arose out of a single incident. In the instant case, there is no dispute that the two offenses, sale of cocaine and possession of cocaine, arose out of a single criminal episode. As recently clarified by the Florida supreme court in Carter v. State, 786 So.2d 1173 (Fla.2001), in the circumstances of the present case, relief is available through the mechanism of Rule 3.800(a):
In Callaway, the defendant claimed that his sentence was illegal because the trial court had imposed consecutive habitual felony offender sentences for offenses arising out of the same criminal episode in violation of Hale v. State, 630 So.2d 521 (Fla.1993). Callaway, 658 So.2d at 985. In rejecting the argument that the sentence was illegal, our decision turned not on our definition of "illegal sentence," but on the fact that the error at issue was not patent from the record. See Id. at 988. The Court reasoned that because "[a] rule 3.800 motion can be filed at any time, even decades after a sentence has been imposed ... its subject matter is limited to those sentencing issues that can be resolved as a matter of law without an evidentiary determination." Id.

Carter v. State, 786 So.2d at 1177 (Fla. 2001). The second district in Adams v. State, 755 So.2d 678, 679 (Fla. 2d DCA 1999), has similarly found that the supreme court in Callaway did "not irretrievably foreclose relief from consecutively-imposed habitual offender sentences growing out of the same criminal episode by means of rule 3.800, without regard to the time constraints of rule 3.850(b)." See also Davis v. State, 784 So.2d 1205 (Fla. 2d DCA 2001); Valdes v. State, 765 So.2d 774 (Fla. 1st DCA 2000). Because it is clear from the face of the record that West's offenses arose out of a single criminal episode, appellant is entitled to relief pursuant to Hale.
The state alternatively argues that West may no longer raise the illegality of his sentence because he has enjoyed the benefits of his probation. The cases,[1] however, that the state relies on for this proposition, are cases in which a benefit was actually reaped because probation was given as an alternative to the imposition of a prison sentence. Here, there was no alternative prison sentence that could have been imposed other than one concurrent to the one given.
The order denying relief is reversed, the probationary sentence is vacated, and the trial court is ordered to discharge West as to the instant offenses.
REVERSED and REMANDED.
PETERSON and ORFINGER, R. B., JJ., concur.
NOTES
[1] Gallagher v. State, 421 So.2d 581 (Fla. 5th DCA 1982); Matthews v. State, 736 So.2d 72 (Fla. 4th DCA 1999); Brown v. State, 305 So.2d 309 (Fla. 4th DCA 1974).