ALTENBERND, Judge.
Ned Wayne Ball appeals the summary denial of his postconviction motion to correct a sentencing error filed pursuant to Florida Rule of Criminal Procedure 3.850. We conclude that this motion should be treated as a timely filed motion pursuant to Florida Rule of Criminal Procedure 3.800(a).
Mr. Ball was sentenced on August 24, 1992, for two offenses. The trial court record establishes without dispute that, on April 14, 1992, Mr. Ball took a pickup truck belonging to the Silverado Steak Company. In the bed of the truck was a freezer full of meat. The State charged *862 Mr. Ball for the third-degree felony of grand theft of an auto and for a separate third-degree felony grand theft concerning the freezer and its contents. These two crimes clearly arise from one criminal episode.
In 1992, Mr. Ball’s sentence under the guidelines for these two offenses could not exceed two consecutive five-year sentences. His scoresheet apparently permitted a longer sentence. Accordingly, the State sought to impose a habitual offender sentence. Prior to the supreme court’s decision in Hale v. State, 630 So.2d 521 (Fla.1993), Mr. Ball pleaded to these two offenses in exchange for a ten-year habitual offender sentence followed by a consecutive seven-year habitual offender sentence.
Once the supreme court issued its decision in Hale declaring such consecutive sentencing illegal, Mr. Ball began efforts to have his sentence corrected. His efforts were complicated by the windows for review under rule 3.850 that were announced in State v. Callaway, 658 So.2d 983, 987 (Fla.1995), and Dixon v. State, 730 So.2d 265 (Fla.1999). At least in retrospect, it would appear that one earlier unsuccessful motion served by Mr. Ball on August 15, 1997, was within the window announced by the supreme court in 1999 in Dixon. Another motion he served in March 1997 never managed to reach the circuit court. We do not need to determine the effect of these unusual circumstances. See Lawton v. State, 731 So.2d 60 (Fla. 2d DCA 1999) (holding substantive due process requires patently illegal sentence be corrected despite, the law of case doctrine). In light of the record in the trial court, the illegality of Mr. Ball’s consecutive habitual offender sentences was a matter that could be raised and resolved at any time under rule 3.800(a). See Allen v. State, 779 So.2d 471 (Fla. 2d DCA 2000); West v. State, 790 So.2d 513 (Fla. 5th DCA 2001).
Reversed and remanded.
PARKER, A.C.J., and WHATLEY, J„ Concur.