796 So.2d 1245 (2001)
Stephen D. SPIRES, Appellant,
v.
STATE of Florida, Appellee.
No. 5D01-2398.
District Court of Appeal of Florida, Fifth District.
October 12, 2001.
Stephen Spires, Bristol, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Lori N. Hagan, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
Defendant appeals the summary denial of his Rule 3.800 motion to correct sentence. On March 5, 1992, defendant was sentenced for five convictions in one underlying case. For Count 1, attempted burglary of a dwelling, defendant was adjudicated a habitual offender and received 10 years incarceration. For Count 2, burglary of a dwelling, defendant was adjudicated a habitual offender and sentenced to 30 years incarceration, to run consecutive to the sentence imposed for Count 1. For Count 3, petit theft, defendant was sentenced to 60 days in jail with credit for 60 days time served. For Count 4, burglary of a dwelling, defendant was adjudicated a habitual offender and sentenced to 30 years incarceration, to run consecutive to the other sentences. For Count 5, grand theft, defendant was adjudicated a habitual offender and sentenced to 10 years incarceration, to run consecutive to the other sentences. Because of the consecutive sentences, defendant received a total of 80 years incarceration. Defendant claims that the habitual offender sentences should not have run consecutive because the offenses were committed during the same criminal transaction or episode. See generally Hale v. State, 630 So.2d 521 (Fla. 1993), cert. denied, Hale v. Florida, 513 U.S. 909, 115 S.Ct. 278, 130 L.Ed.2d 195 (1994). Defendant attached a copy of his amended information, which shows that all *1246 of the alleged offenses took place on or about December 6, 1990 within St. Johns County, Florida.
Generally speaking, issues which require a factual resolution should not be brought in a 3.800(a) motion to correct illegal sentence. As to most of defendant's convictions, there is a factual question as to whether the offenses took place during the same criminal episode. Just because two burglaries (e.g., Counts 2 and 4) occurred on the same date does not mean that they were part of the same criminal transaction. There could have been a sufficient interruption in time between the commission of the crimes to conclude that two criminal episodes were involved. However, when it is clear on the record that two or more offenses arose out of the same criminal transaction or episode, this court has found Rule 3.800(a) to be a proper remedy to correct the illegal imposition of consecutive habitual offender sentences. In West v. State, 790 So.2d 513 (Fla. 5th DCA 2001), there was no dispute that West's possession of cocaine and sale of cocaine offenses were committed during the same criminal episode. West was habitualized as to each offense in 1990, and given a prison sentence on one offense, to be followed by probation on the other offense. Upon violating probation in 1999, he was given a prison sentence. He filed a 3.800(a) motion challenging the consecutive sentences. This court held that it was improper to impose consecutive sentences where West had been habitualized on each conviction and each offense had arisen out of the same criminal episode. Because the error was apparent on the face of the record, this court held that the issue could be raised in a 3.800(a) motion, and the two-year limitation period in Rule 3.850 would not apply.
In the instant case, there is a similar situation as to Counts 4 and 5. Count 4 of the amended information alleged that on December 6, 1990, defendant unlawfully entered the property of James Milligan with the intent to commit an offense therein, to wit: theft. In Count 5 the amended information alleged that defendant on December 6, 1990 unlawfully obtained the property of a value of $300 or more, to wit: a TV, VCR, and jewelry, with the intent to temporarily or permanently deprive James Milligan of a right to the property or benefit therefrom.[1] It seems clear on the record that as to Counts 4 and 5, defendant burglarized the dwelling belonging to James Milligan and while in the dwelling committed grand theft, which would qualify as the same criminal episode.
The trial court in denying relief found that the issue of whether a court imposed improper consecutive habitual offender sentences would not be cognizable in a 3.800(a) motion. The trial court cited Edwards v. State, 652 So.2d 852 (Fla. 5th DCA 1995), which held that the issue of whether the court imposed improper consecutive habitual offender sentences should be raised in a 3.850 motion, not a 3.800 motion. This holding in Edwards, though, has now been limited by West, to those instances where it is not clear from the record that the offenses which resulted in consecutive habitual offender sentences arose out of the same factual event. At least as to Counts 4 and 5, this case is similar to West, as it appears on the record that defendant unlawfully entered the *1247 dwelling of James Milligan with the intent to commit a theft, and then committed grand theft once inside the dwelling. We therefore reverse the order denying defendant's 3.800(a) motion, and the trial court is directed to reconsider whether concurrent sentences would be appropriate for Counts 4 and 5 in light of West.
Reversed and remanded.
THOMPSON, C.J., COBB and PETERSON, JJ., concur.
NOTES
[1] Counts 2 and 3 were similar in that defendant was charged with burglarizing a dwelling owned by Wesley Slough, and Count 3 alleged that defendant obtained a VCR and jewelry that belonged to Wesley Slough. However, defendant was only found guilty of petit theft in Count 3, and was sentenced to time served for that offense. So in those two counts, defendant did not receive a consecutive enhanced sentence for the petit theft.