804 So.2d 1274 (2002)
Jerome WHITFIELD, Appellant,
v.
STATE of Florida, Appellee.
No. 5D01-3410.
District Court of Appeal of Florida, Fifth District.
January 25, 2002.
Jerome Whitfield, Raiford, pro se.
*1275 Robert A. Butterworth, Attorney General, Tallahassee, and Alfred Washington, Jr., Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
The appellant, Jerome Whitfield, appeals the summary denial of his Rule 3.800(a) motion to correct sentence. In 1990 Whitfield was convicted of battery on a law enforcement officer, resisting an officer with violence, and criminal mischief. He was sentenced as an habitual offender for the battery on a law enforcement officer and resisting an officer offenses, and received consecutive five year sentences.
In his sworn 3.800(a) motion, Whitfield claims that there was no dispute that both the battery of the law enforcement officer and resisting an officer with violence offenses involved one victim and occurred during a single criminal episode. Whitfield attached the police booking report which recited that on August 25, 1989 at "23:50 PM," he committed a battery on Officer Gregory Burnett in Putnam County at 11th Street and Madison, and at the same time and place resisted or opposed the same officer while in the lawful execution of his legal duties. Whitfield also attached the information which showed that he was charged with committing a battery on Gregory Burnett on August 25, 1989, and was also charged with resisting Officer Gregory Burnett, Deputy Sheriff Scott Simmons, and Deputy Sheriff Ricardo Wright on the same date and in the same county. Whitfield argues that since the two crimes were committed during the same criminal episode, it was improper to order that the habitual offender sentences be served consecutively to each other. See Hale v. State, 630 So.2d 521 (Fla.1993), cert.denied, 513 U.S. 909, 115 S.Ct. 278, 130 L.Ed.2d 195 (1994).
In West v. State, 790 So.2d 513 (Fla. 5th DCA 2001), this court held that the imposition of consecutive habitual offender sentences could be challenged in a 3.800(a) motion where the record clearly showed that defendant's offenses arose out of a single criminal episode. See also Spires v. State, 796 So.2d 1245 (Fla. 5th DCA 2001). The trial court in the instant case denied relief, finding that it was not clear from the face of the record whether these offenses arose from the same criminal episode.
Defendants are often charged with battery on a law enforcement officer and resisting an officer with violence based on the same criminal episode. The information in this case alleged that both offenses occurred in the same county on the same date and involved the same officer, and the booking report indicated that both offenses occurred at the same time and place against the same officer. Therefore, Whitfield has made sufficient allegations and attached relevant portions of the record to show that these two offenses arose from the same criminal episode. Based on West, the trial court should have attached portions of the record to refute defendant's allegations, or granted relief.[1] In his 3.800(a) motion defendant alleged that he pled not guilty to the offenses. If the two offenses were not committed during the *1276 same criminal episode, the trial court should have attached portions of the trial transcript to show that two separate episodes were involved.
Accordingly, we reverse the order denying relief and remand for the trial court to consider whether concurrent sentences would be appropriate in light of West and Spires.
REVERSED AND REMANDED.
COBB, PETERSON and PALMER, JJ., concur.
NOTES
[1] Defendant's offenses were committed before the change in law announced in Hale. However, the same was true in West. West committed his offenses back in 1990, before Hale was issued in 1993. In State v. Callaway, 658 So.2d 983 (Fla.1995), receded from on other grounds, Dixon v. State, 730 So.2d 265 (Fla. 1999), the supreme court held that the Hale decision could be applied retroactively. In Dixon, the supreme court found that Hale issues requiring an evidentiary determination must be raised in 3.850 motions within two years from the date of the Callaway mandate. In West, this court held that Hale issues not requiring an evidentiary determination could be raised at any time in a 3.800(a) motion.