826 So.2d 488 (2002)
Derrick ELLIS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D02-533.
District Court of Appeal of Florida, Fifth District.
September 20, 2002.
*489 Derrick Ellis, Bushnell, Pro Se.
Robert A. Butterworth, Attorney General, Tallahassee, and Lamya A. Henry, Assistant Attorney General, Daytona Beach, for Appellee.
ORFINGER, R. B., J.
Derrick Ellis appeals the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Ellis was tried and convicted of attempted sexual battery while armed, aggravated battery with a deadly weapon, and attempted robbery with a deadly weapon. He was originally sentenced as an habitual felony offender to life in prison for the attempted sexual battery, and 30 years on the other charges, consecutive to the life sentence, but concurrent to each other. On appeal, this court concluded that his conviction for attempted sexual battery while armed had been improperly enhanced to a first degree felony, and remanded for resentencing as an habitual felony offender to no more than 30 years, or to a guideline departure sentence. See Ellis v. State, 608 So.2d 514 (Fla. 5th DCA 1992).[1] On remand, Ellis was resentenced as an habitual felony offender to 30 years for attempted sexual battery, life for aggravated battery with a deadly weapon and 30 years for attempted armed robbery, with the first two counts to run consecutively and the third count concurrent. Ellis again appealed and the life sentence for aggravated battery with a deadly weapon was reversed, and the original 30 year sentence reimposed. See Ellis v. State, 631 So.2d 1139 (Fla. 5th DCA 1994).
Ellis then filed a Rule 3.800(a) motion, arguing that his consecutive habitual offender sentences were illegal, because the offenses were part of a single criminal episode. The trial court denied the motion, holding that the proper remedy was to file a timely motion pursuant to Florida Rule of Criminal Procedure 3.850. This court affirmed on appeal. See Ellis v. State, 774 So.2d 707 (Fla. 5th DCA 2000). A second Rule 3.800(a) motion, raising the same claim, was filed while his appeal was pending and was denied for lack of jurisdiction. Again, the order was affirmed on appeal. See Ellis v. State, 785 So.2d 497 (Fla. 5th DCA 2001).
In his motion now appealed, Ellis again raises the issue of consecutive habitual offender sentences. He argues that his motion is not successive, because it is based on a new decision from this court which allows such claims to be raised in a Rule 3.800(a) motion when the error is clear on the face of the record. See West v. State, 790 So.2d 513 (Fla. 5th DCA 2001). Ellis alleges that his claim is clear on the face of the record as the information and police reports demonstrate that the offenses arose from a single criminal episode.[2]
The trial court denied Ellis's motion as successive, finding that the same issue was raised by Ellis in a Rule 3.800(a) motion filed and denied in January, 1996; in a motion for postconviction relief filed in March, 1996, and denied in June, 1996; as *490 well as the two Rule 3.800(a) motions appealed to this court. However, the trial court did not attach copies of the prior motions or orders, and this court has no record of appeals of the 1996 motions and orders.
Ellis's first Rule 3.800(a) motion was denied because, at the time, the issue of consecutive habitual felony offenders sentences had to be raised in a Rule 3.850 motion. See State v. Callaway, 658 So.2d 983 (Fla.1995). However, subsequent to Ellis's initial 3.800(a) appeal, the Florida Supreme Court clarified Callaway in Carter v. State, 786 So.2d 1173 (Fla.2001), and held that Rule 3.800(a) can be utilized to raise sentencing issues, which can be resolved as a matter of law without an evidentiary hearing.
In West, this court, citing Carter, held that where it was clear from the face of the record that the defendant's offenses arose out of a single criminal episode, consecutive habitual offender sentences could be challenged under Rule 3.800(a). See also Whitfield v. State, 804 So.2d 1274 (Fla. 5th DCA 2002); Jackson v. State, 803 So.2d 842 (Fla. 1st DCA 2001); Spires v. State, 796 So.2d 1245 (Fla. 5th DCA 2001). Because the issue can now be raised in a Rule 3.800(a) motion, we examine whether the motion was properly denied as successive.[3]
Ellis has stated a facially sufficient claim that his sentence is illegal, an issue that has never been addressed by the trial court or by this court on the merits. As we explained in McBride v. State, 810 So.2d 1019, 1022 (Fla. 5th DCA), rev. granted, No. 02-627, 825 So.2d 935 (Fla. Aug. 20, 2002), although successive Rule 3.800(a) motions addressing the same issue may be barred by the law of the case doctrine, the question of law must have been actually decided by the court of appeal to be barred.
Therefore, we reverse the trial court's order and remand the case for consideration on the merits. If the trial court denies Ellis's motion on the merits, it must attach those portions of the record showing that Ellis is not entitled to relief. See generally Moore v. State, 741 So.2d 577, 578 (Fla. 5th DCA 1999) (holding that burden is on trial court summarily denying facially sufficient motion to attach record establishing why defendant is not entitled to relief).
REVERSED AND REMANDED.
THOMPSON, C.J. and COBB, J., concur.
NOTES
[1] This court's opinion indicates Ellis was sentenced as an habitual violent felony offender, but the written sentences are habitual felony offender sentences.
[2] Attached to Ellis's motion is a copy of the information, which alleges that all three crimes were committed against the same victim on the same day.
[3] Acknowledging the foregoing cases, the State concedes that the trial court's order should be reversed to allow for the trial court to address the merits of Ellis's claim. The court appreciates the State's candor.