869 So.2d 52 (2004)
Derrick S. ELLIS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D02-3763.
District Court of Appeal of Florida, Fifth District.
March 5, 2004.
Rehearing Denied April 6, 2004.
James B. Gibson, Public Defender, and Brynn Newton, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Patrick W. Krechowski, *53 Assistant Attorney General, Daytona Beach, for Appellee.
GRIFFIN, J.
Derrick S. Ellis ["Ellis"] appeals his sentences, for the fourth time, for violent crimes apparently committed in 1989. The sentencing history of these convictions is chronicled in Ellis v. State, 774 So.2d 707 (Fla. 5th DCA 2000) ["Ellis I"]; Ellis v. State, 785 So.2d 497 (Fla. 5th DCA 2001) ["Ellis II"]; and Ellis v. State, 826 So.2d 488 (Fla. 5th DCA 2002) ["Ellis III"].
In Ellis III, this court considered the denial of the most recent of Ellis' rule 3.800(a) post-conviction motions. The court concluded that the claim raised in the motionthat the consecutive habitual offender sentences imposed for the three crimes were illegalwas cognizable as an "illegal sentence" under rule 3.800(a) and that the motion was not barred as successive based upon this court's decision in McBride v. State, 810 So.2d 1019 (Fla. 5th DCA 2002).[1]
On remand, the court decided that the consecutive sentences were illegal and Ellis had to be resentenced. The State urged the court to carry out the evident intent of the original sentence as closely as possible by giving Ellis a guidelines sentence, which, given his score, the State asserted would be life imprisonment. Ellis objected that in Ellis III, we did not authorize any revision in the sentence beyond elimination of "consecutive sentences." According to Ellis, to do other than impose three concurrent sentences of thirty years would violate this court's mandate.
We disagree. Ellis claimed his sentences were illegal for a specific reason. This court agreed that he was entitled to have his claim of illegality considered on the merits. Once it was determined that Ellis had received illegal sentences, he was not entitled to a specific sentence but only to a legal sentence. At the resentencing, no one suggested that the sentence imposed was not a sentence that could legally have been imposed at his original sentencing. The trial court's imposition of a legal sentence after deciding that consecutive habitual offender sentences were illegal was entirely within this court's mandate.[2]See Trotter v. State, 825 So.2d 362 (Fla. 2002); Wood v. State, 582 So.2d 751 (Fla. 5th DCA 1991).
AFFIRMED.
SAWAYA, C.J., and MONACO, J., concur.
NOTES
[1] At the time of this court's opinion, the Supreme Court of Florida had accepted jurisdiction of McBride and subsequently quashed this court's decision. State v. McBride, 848 So.2d 287 (Fla.2003). Because of our disposition of the case, we do not consider the effect of this outcome.
[2] Appellant suggests for the first time in his reply brief that the sentences imposed may not, in fact, be legal sentences, but given the limited record we have before us, we cannot tell whether this is so.