884 So.2d 1094 (2004)
Tavares FARRINGTON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-4373.
District Court of Appeal of Florida, Fourth District.
October 20, 2004.
*1095 Carey Haughwout, Public Defender, and Louis G. Carres, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, J.
Appellant, Tavares Farrington, appeals his conviction and sentence for two counts of robbery with a firearm, which arose from separate incidents. The court denied his request for a severance of the two charges. We reverse, concluding that severance of the unrelated crimes was required.
On the afternoon of September 13, 2001, Thomas Grinsted's car stalled in Riviera Beach, Florida as he was driving home. While he was looking under the hood, a young man of slight build walked by him, continued to walk for about thirty feet, and then returned. The man walked up behind Grinsted, pushed something into his lower back, and reached into Grinsted's back pocket, trying to take his wallet. Grinsted pulled away and the man pulled a gun out from under his shirt, telling Grinsted to give him the wallet or he would kill Grinsted. Grinsted gave him the wallet. This confrontation lasted for about thirty seconds. At trial, Grinsted was able to make a positive identification of Farrington as the person who had robbed him. He also identified the gun Farrington was carrying.
Just after midnight on September 14, 2001, Domingo Santos was driving home from work in Lake Worth, Florida. He noticed a car tailgating him into his subdivision. Santos parked in his driveway and was about to open his front door when a young man with short braided hair walked up and pointed a gun at him. Santos started screaming, and the man demanded that Santos give him the bag Santos was holding. Santos threw the man the bag, and the robber ran away. Santos called 911, and the police arrived quickly. A BOLO was issued for a car matching the description of the car that had followed Santos. Within ten minutes, a car with four people inside was stopped. Two of the suspects in the vehicle had a very similar appearance and matched the description given by Santos. One was Farrington and the other was a woman who looked like a man. Santos identified Farrington, by an eighty percent likelihood, as being the man who robbed him.
At trial, when asked by the state whether he saw the man who robbed him in the courtroom, Santos responded, "Well, I believe it could be him" while pointing to Farrington. After a colloquy by the state about his level of certainty, the state again asked whether Farrington was the person who robbed him, and Santos replied "yes, yes." He was cross-examined as to the level of certainty of his identification. The jury found Farrington guilty of both counts of robbery.
Prior to trial, Farrington had moved to sever the two robbery counts in the information. He claimed the only connection between the two robberies was that some property belonging to the victim of the first robbery was found in the vehicle involved in the second robbery. Trying the two counts together would be prejudicial because the evidence of the first crime would bolster the proof of the other. The trial court held two hearings on the issue but eventually denied the motion. Farrington challenges his conviction because of the denial of his motion to sever.
Florida Rule of Criminal Procedure 3.150(a) provides that "[t]wo or more offenses that are triable in the same court *1096 may be charged in the same indictment or information in a separate count for each offense, when the offenses ... are based on the same act or transaction or on 2 or more connected acts or transactions." Rule 3.151 permits the consolidation of related offenses, which it defines as "2 or more offenses... triable in the same court and ... based on the same act or transaction or on 2 or more connected acts or transactions." Fla. R.Crim. P. 3.151(a). However, a defendant has the right to severance of unrelated offenses, as provided in Rule 3.152(a)(1), which states, "In case 2 or more offenses are improperly charged in a single indictment or information, the defendant shall have a right to a severance of the charges on timely motion." "[O]ffenses are `connected acts or transactions' within the meaning of [3.150(a)] if they occurred within a single episode. Thus, `the rules do not warrant joinder or consolidation of criminal charges based on similar but separate episodes, separated in time, which are `connected' only by similar circumstances and the accused's alleged guilt in both or all instances.'" Ellis v. State, 622 So.2d 991, 999 (Fla.1993) (quoting Wright v. State, 586 So.2d 1024, 1029-30 (Fla.1991)). "Courts may consider `the temporal and geographical association, the nature of the crimes, and the manner in which they were committed.' However, interests in practicality, efficiency, expense, convenience, and judicial economy, do not outweigh the defendant's right to a fair determination of guilt or innocence." Id.
The supreme court determined that crimes could be joined for trial where they were part of a "crime spree" interrupted by no significant period of respite. Id. The court used Bundy v. State, 455 So.2d 330 (Fla.1984), as an example. In Bundy, the defendant attacked four women, killing two, at a sorority house in Tallahassee and, within an hour, attacked another woman in a duplex just a few blocks from the sorority house. In Rolling v. State, 695 So.2d 278, 295-96 (Fla.1997), the court found "temporal continuity" where the defendant, within a seventy-two hour period, stabbed to death five college students in their apartments in the same general vicinity of Gainesville, Florida.
We examined the issue of temporal continuity in Rohan v. State, 696 So.2d 901, 902 (Fla. 4th DCA 1997), abrogated on other grounds by State v. Smith, 840 So.2d 987 (Fla.2003), and noted that cases finding a "spree" require similarity of criminal conduct as well as temporal and geographical proximity. Reviewing the supreme court precedent, we concluded that the trial court did not err in refusing to sever two counts of burglary with an assault or battery, which occurred within forty-five minutes of each other at locations about a twenty minute car ride apart. 696 So.2d at 902-03. In each crime, a man with a speech impediment tried to force himself into the apartment of a woman. Id. at 902.
In Stephens v. State, 863 So.2d 434 (Fla. 4th DCA 2003), we concluded that two crimes had been improperly joined where one was the theft of an SUV and the other was the burglary of a car at a gas station. The theft of the SUV occurred in Boynton Beach and later that morning the burglary of the car, during which a purse was stolen, occurred in North Palm Beach at a gas station where the stolen SUV was observed. While we said that it might be "arguable" the two crimes had temporal and geographical proximity, we found that the offenses were not similar. 863 So.2d at 436.
Here, we find that the two crimes did not consist of a crime spree so that they could be joined for trial. The Grinsted robbery occurred around eight hours prior to the Santos robbery and the crimes occurred in geographically separate locations. Although both were robberies, they *1097 were not sufficiently similar in that one was committed by the perpetrator acting alone and on foot, while the other was committed through the use of a vehicle with four occupants following the victim to his home before accosting him. As these crimes were not similar and there was no temporal or geographical proximity, the crimes were not "connected acts or transactions" under Rule 3.150(a) and could not properly be joined for trial.
Moreover, the prejudice from the joinder of the robbery counts is obvious. While Grinsted was positive of his identification of Farrington, Santos was less so. Grinsted's positive identification of Farrington as the man who robbed him could have bolstered Santos's identification of Farrington for the second robbery, even though a second similar-looking suspect was present. Thus, the error in joining the two crimes was not harmless.
As a second issue, Farrington claims that he should have been entitled to a judgment of acquittal because the identifications given by Grinsted and Santos were not positive. We completely disagree that Grinsted did not positively identify Farrington in connection with the first crime. As to Santos, whose testimony as to his confidence in his identification was equivocal, this issue was a question for the jury to resolve. See Harris v. State, 129 Fla. 733, 177 So. 187, 188 (1937). It is for the jury to weigh the probative value of a witness's equivocal identification of an accused. Downer v. State, 375 So.2d 840, 847 (Fla.1979).
We reverse and remand for new trials on the severed counts of robbery.
GUNTHER and HAZOURI, JJ., concur.