ROTHENBERG, Judge.
The defendant, Wallace A. Woods (“Woods”), appeals his convictions for robbery and burglary of an occupied conveyance. Prior to trial, Woods filed a motion to suppress the out-of-court identification by the victim. Woods seeks reversal of his convictions based upon the trial court’s failure to hold an evidentiary hearing and to rule on his motion prior to commencement of the trial. As we conclude that the defendant waived any objection to the trial court’s suggestion to defer ruling until it *496 heard from the victim at trial by not only failing to object to the suggested procedure, but in fact, by affirmatively agreeing to it, and because the defendant does not allege, nor do we find, any prejudice flowing from the procedure employed, we affirm.
The record reflects that the defendant’s motion to suppress the out-of-court identification was based upon the level of certainty displayed by the victim in making the identification, not the procedure employed by law enforcement. Defense counsel specifically informed the trial court that it was not claiming that the identification procedure was suggestive. When the trial court suggested that it not conduct a separate hearing and that it defer ruling until after hearing from the witnesses during trial, defense counsel advised the trial court that it was “okay.” We, therefore, find that the defendant waived any objection to the procedure employed. See Thomas v. State, 730 So.2d 667, 668 (Fla.1998) (“Where counsel communicates to the trial judge his acceptance of the procedure employed, the issue will be considered waived.”)
The suppression of an out-of-court identification is governed by Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972), which provides a two-prong test: (1) whether the police used an unnecessarily suggestive procedure to obtain the out-of-court identification, and (2) if so, whether the suggestive procedure gives rise to a substantial likelihood of irreparable mis-identification. See also Fitzpatrick v. State, 900 So.2d 495, 517 (Fla.2005); Rimmer v. State, 825 So.2d 304 (Fla.2002). As defense counsel specifically informed the trial court that the defendant was not claiming that the procedure employed by law enforcement was suggestive, it is doubtful that the motion to suppress was legally sufficient as it contained no legal basis upon which the trial court could have granted the motion. Additionally, the victim testified that when she identified the defendant (approximately thirty-five minutes after the robbery) she recognized him immediately. Thus, even if we were to conclude that the motion to suppress the victim’s identification was legally sufficient, we would find that because the defendant did not claim that the procedure employed was suggestive, it was the jury’s responsibility, not the trial court’s, to weigh the evidence and to determine its probative value. See Downer v. State, 375 So.2d 840, 847 (Fla.1979); Farrington v. State, 884 So.2d 1094, 1097 (Fla. 4th DCA 2004).
Affirmed.