949 So.2d 307 (2007)
Carroll LAURAMORE, Appellant,
v.
STATE of Florida, Appellee.
No. 1D06-4131.
District Court of Appeal of Florida, First District.
February 16, 2007.
*308 Carroll Lauramore, pro se, Appellant.
Bill McCollum, Attorney General, Tallahassee, for Appellee.
THOMAS, J.
Appellant challenges the denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm the trial court's ruling.
Appellant asserts that his sentences for robbery and burglary are illegal under Hale v. State, 630 So.2d 521 (Fla.1993), which prohibits the imposition of consecutive habitual offender sentences for multiple crimes arising from a single criminal episode. The trial court treated Appellant's motion as a motion filed pursuant to rule 3.850 and denied it as untimely.
A Hale claim is cognizable in a rule 3.800(a) motion if the motion is facially sufficient and the issue can be resolved from the face of the record. See Jackson v. State, 803 So.2d 842 (Fla. 1st DCA 2001). In order to allege a facially sufficient rule 3.800(a) motion, the appellant must allege: (1) he is serving an illegal sentence; (2) the error appears on the face of the record; and (3) how and where the record demonstrates an entitlement to relief. See Baker v. State, 714 So.2d 1167 (Fla. 1st DCA 1998).
Appellant's motion is facially insufficient, as he alleges neither how nor where the record demonstrates that his crimes arose from a single criminal episode. See Harris v. State, 875 So.2d 735 (Fla. 2d DCA 2004) (holding that in the context of a Hale claim, the appellant must identify with particularity the non-hearsay record documents demonstrating that his crimes arose from a single criminal episode); Jackson, 803 So.2d at 845 (holding that a Hale claim alleging that the "trial transcripts" demonstrated the crimes occurred in a single criminal episode was facially insufficient where the motion did not allege "how" the transcripts showed this). We AFFIRM the trial court's ruling.
KAHN and POLSTON, JJ., concur.