969 So.2d 489 (2007)
Stacy TAYLOR, Appellant,
v.
STATE of Florida, Appellee.
No. 5D07-1778.
District Court of Appeal of Florida, Fifth District.
November 16, 2007.
Stacy Taylor, Daytona Beach, Pro Se.
No Appearance for Appellee.
ORFINGER, J.
Stacy Taylor appeals the trial court's order dismissing his motion to correct sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a) without prejudice. The trial court concluded *490 that Mr. Taylor's motion was legally insufficient as it failed to identify with particularity the nonhearsay record documents upon which he relied. We affirm.
In 1997, Mr. Taylor pled guilty to two counts of robbery with a firearm and mask (counts one and five); two counts of aggravated battery (counts two and three); and one count of attempted second-degree murder with a firearm (count four). Mr. Taylor was sentenced to concurrent terms of 210 months in prison with consecutive three-year minimum mandatory terms imposed on counts one and four as a result of his possession of a firearm during the commission of the offenses. See § 775.087(2), Fla. Stat. (1995). While Mr. Taylor was resentenced in 2000 to concurrent terms of 148 months in prison following the Florida Supreme Court's decision in Heggs v. State, 759 So.2d 620 (Fla.2000), the consecutive three-year minimum mandatory terms on counts one and four remained unchanged.
In his rule 3.800(a) motion, Mr. Taylor attacks the imposition of consecutive minimum mandatory sentences, arguing that such a sentencing scheme is illegal, as the crimes occurred in a single criminal episode. See Hale v. State, 630 So.2d 521 (Fla.1993) (holding that consecutive habitual offender sentences for offenses that were committed in single criminal episode are illegal). Mr. Taylor recognizes that in State v. Christian, 692 So.2d 889, 890 (Fla.1997), the Florida Supreme Court held that "[a]s a general rule, for offenses arising from a single episode, stacking is permissible where the violations of the mandatory minimum statutes cause injury to multiple victims, or multiple injuries to one victim." (Footnotes omitted). However, Mr. Taylor contends that in his case, it is "apparent on the face of the record" that "only one victim was injured during the criminal episode." Therefore, he argues that his sentence was improperly stacked.[1]
Generally, Hale claims must be brought in a proceeding under Florida Rule of Criminal Procedure 3.850 since a determination of whether the offenses for which the defendant has been sentenced arose out of a single criminal episode is not a pure question of law but, instead, often requires an evidentiary determination. See State v. Callaway, 658 So.2d 983 (Fla. 1995).[2] However, the courts have carved out a limited exception to that rule when the trial court can rule on the motion based solely on nonhearsay record documents. See, e.g., Spires v. State, 796 So.2d 1245 (Fla. 5th DCA 2001) (holding that where clear from face of record that defendant's offenses arose out of single criminal episode, consecutive habitual offender sentences could be challenged under rule 3.800(a)); West v. State, 790 So.2d 513 (Fla. 5th DCA 2001) (allowing Hale claim to be raised in rule 3.800(a) proceeding because error clear on face of record); see also Simms v. State, 949 So.2d 373 (Fla. 4th DCA 2007); Harris v. State, 875 So.2d 735, 737 (Fla. 2d DCA 2004); Perreault v. State, 853 So.2d 604, 606 (Fla. 5th DCA 2003); Canavan v. State, 842 So.2d 306 *491 (Fla. 5th DCA 2003); Whitfield v. State, 804 So.2d 1274 (Fla. 5th DCA 2002).
While this Court has recognized this exception, it has never explicitly stated what must be alleged to plead a facially sufficient single criminal episode claim under rule 3.800(a). At least three of our sister courts have held that to plead a facially sufficient rule 3.800(a) claim asserting a Hale violation, the defendant must identify with particularity the nonhearsay record documents that support his claim. See, e.g., Lauramore v. State, 949 So.2d 307 (Fla. 1st DCA 2007); Jones v. State, 894 So.2d 1070 (Fla. 4th DCA 2005); Speas v. State, 887 So.2d 416 (Fla. 2d DCA 2004). We adopt this pleading standard. We believe that this standard will discourage defendants from filing obviously frivolous motions and will ensure that busy trial judges do not have to pick through sometimes lengthy records to determine whether a vague rule 3.800(a) motion has merit. Further, this standard is consistent with the supreme court's holding in Burgess v. State, 831 So.2d 137 (Fla.2002), that only nonhearsay record documents can be utilized in a rule 3.800(a) proceeding. The supreme court made clear that police reports and arrest affidavits are "ordinarily considered hearsay and inadmissible." Id. at 140. Hearsay cannot be considered merely because it is contained in a court file. While a trial court may take judicial notice of court records, it does not follow that section 90.202(6), Florida Statutes (2006), permits the wholesale admission of hearsay statements contained within those court records. Id. at 141.
In the present case, Mr. Taylor failed to specifically identify nonhearsay, record evidence supporting his claim that his sentence violated Hale, and, thus, his claim is legally insufficient. We therefore affirm the dismissal of his motion without prejudice to Mr. Taylor's ability to file a properly pled rule 3.800(a) motion in the trial court.
AFFIRMED.
SAWAYA and MONACO, JJ., concur.
NOTES
[1] Stacking of minimum mandatory sentences is also permitted when authorized by the plain language of the relevant sentencing statute. See Kelly v. State, 964 So.2d 135 (Fla. 2007).
[2] Rule 3.850 proceedings must be brought within two years of the defendant's conviction becoming final. Consequently, time-barred defendants often utilize rule 3.800(a) proceedings, which can be filed at any time if the sentencing error is apparent on the face of the record.