PER CURIAM.
 

 Brad Evans appeals the denial of his motion brought pursuant to rule 3.800(a) of the Florida Rules of Criminal Procedure, which alleged three grounds for relief. One of Evans’ arguments is that it was illegal under
 
 Hale v. State,
 
 630 So.2d 621 (Fla.1993), to impose habitual felony offender, (“HFO”), sentences of life consecutive to a non-HFO life sentence when all of his charges arose from a single criminal episode. We affirm the denial of this claim without prejudice to Evans’ right to again seek relief in the trial court through
 
 *1196
 
 a rule 3.800(a) motion that specifically identifies non-hearsay, record evidence supporting Evans’ claim of a
 
 Hale
 
 violation.
 
 See Taylor v. State,
 
 969 So.2d 489 (Fla. 5th DCA 2007);
 
 Jones v. State,
 
 894 So.2d 1070 (Fla. 4th DCA 2005). In the event that Evans does file a future motion, we direct the trial court’s attention to
 
 Fuller v. State,
 
 867 So.2d 469 (Fla. 5th DCA),
 
 rev. denied,
 
 887 So.2d 1236 (Fla. 2004). We affirm the trial court’s order as it relates to Evans’ other grounds for relief without further comment.
 

 AFFIRMED.
 

 MONACO, LAWSON and COHEN, JJ., concur.