WEBSTER, J.
Appellant seeks review of a final order denying his motion to correct an illegal sentence, filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Because we conclude that appellant’s motion was facially insufficient, we affirm.
Appellant was convicted of two counts of sale of cocaine within 1,000 feet of a school and two counts of possession of cocaine within 1,000 feet of a school. He received consecutive habitual felony offender sentences for the sale counts.
Appellant asserted in his motion that the two sale convictions occurred during a single criminal episode because the two sales were 14 minutes apart and were made to the same person on the same day, and at the same location. Accordingly, he contended that the consecutive habitual of *618 fender sentences were illegal pursuant to Hale v. State, 630 So.2d 521, 524-25 (Fla.1993), which held that, once sentences for multiple offenses committed during a single criminal episode have been enhanced by resort to an habitual offender statute, the sentences may not then be further increased by imposing them consecutively. As support for his factual assertions, appellant cited only to the probable cause affidavit which was a part of the arrest report. The trial court denied the motion on the ground that the two sales occurred 14 minutes apart and, therefore, as a matter of law, they constituted separate criminal episodes.
“The proper analysis to determine whether offenses arise from the same criminal episode requires consideration of the following factors: 1) whether separate victims are involved; 2) whether the crimes occurred in separate locations; and 3) whether there has been a temporal break between the incidents.” Vasquez v. State, 778 So.2d 1068, 1070 (Fla. 5th DCA 2001). Accord Woods v. State, 615 So.2d 197, 199 (Fla. 1st DCA 1993). It is not clear whether the trial court considered all of these factors. However, we need not decide whether the trial court correctly applied the applicable law because appellant’s motion was facially insufficient, and we may affirm for that reason. See generally In re Estate of Yohn, 238 So.2d 290, 295 (Fla.1970) (an appellate court must affirm a lower court’s decision if it is supported by any theory, regardless of the reasons stated in the order or judgment); Landis v. Allstate Ins. Co., 546 So.2d 1051, 1053 (Fla.1989) (same, quoting from Yohn).
A motion made pursuant to Florida Rule of Criminal Procedure 3.800(a) is facially sufficient only if it alleges: (1) the movant is serving an illegal sentence; (2) the error appears on the face of the record; and (3) how and where the record demonstrates entitlement to relief. Lauramore v. State, 949 So.2d 307, 308 (Fla. 1st DCA 2007) (citing Baker v. State, 714 So.2d 1167 (Fla. 1st DCA 1998)). Here, appellant cited only to the probable cause affidavit which was a part of the arrest report to support his assertion that the sentences were illegal. However, because rule 3.800(a) is limited to correction of sentencing errors that can be resolved as a matter of law without an evidentiary hearing, State v. Callaway, 658 So.2d 983, 988 (Fla.1995), and police reports and their contents generally constitute inadmissible hearsay, Burgess v. State, 831 So.2d 137, 141 (Fla.2002), a rule 3.800(a) motion may not be predicated on information contained in such a document, even if it is a part of the record. Id. at 139. Accord Theophile v. State, 967 So.2d 948, 949 (Fla. 1st DCA 2007) (stating that “[i]t is well established that a facially sufficient Hale claim cannot be based on a police report or any other type of hearsay information that is not subject to cross examination”). Accordingly, appellant’s motion was facially insufficient.
In appropriate circumstances, a motion made pursuant to rule 3.800(a) that is facially insufficient may be treated as having been made pursuant to Florida Rule of Criminal Procedure 3.850. See Hall v. State, 643 So.2d 635, 636 (Fla. 1st DCA 1994) (on motion for rehearing). However, we need not engage in such an endeavor here because any such motion would be time-barred.
Because appellant’s motion was facially insufficient, we affirm.
AFFIRMED.
ROBERTS, J., concurs; BENTON, J., dissents with opinion.