TAYLOR, J.
 

 Dustin J. Williams appeals his criminal convictions and sentences for manslaughter and grand theft of a firearm. Williams, who was seventeen years old at the time of these offenses, accidentally shot and killed his best friend, Robert Scott Thomas. The firearm he used had been stolen from a deputy’s vehicle the day before. We find no error in the trial court’s denial of the defendant’s motion for judgment of acquittal on the manslaughter charge because there was competent substantial evidence to support manslaughter.
 
 See Sapp v. State,
 
 913 So.2d 1220, 1223 (Fla. 4th DCA 2005). We also find no error in the trial court’s determination that no discovery violation resulted from the state’s late production of a witness’s statement that merely provided more detailed information than the witness’s earlier statement. However, we reverse and remand this cause for a new trial because the trial court erred in failing to sever the grand theft of a firearm and manslaughter charges.
 

 The evidence in this case established that the defendant unintentionally shot and killed the victim while handling a load
 
 *91
 
 ed firearm in the victim’s presence. The gun was facing in the general direction of the victim when it discharged a bullet from the firing chamber as the defendant released the ammunition clip to the ground. The victim fell to the floor on his face with his knees bent. Shocked, the defendant cried, “Oh, my God, oh, my God, what have I done?” The defendant and victim were best friends, and at the time of this tragic incident, there was no animosity or disagreement between them and the defendant was not threatening or joking with the victim or playing Russian roulette. The defendant was extremely remorseful.
 

 Although this case is somewhat similar to other cases where the evidence was found insufficient to sustain a conviction for manslaughter by culpable negligence, a critical factor that distinguishes this case from those eases is the defendant’s consumption of alcohol at the time of this incident.
 
 See Sapp,
 
 913 So.2d at 1226;
 
 In the Interest of J.C.D.,
 
 598 So.2d 304, 304 (Fla. 4th DCA 1992). A friend of the defendant, who was spending the evening with the defendant and the victim at the defendant’s house before the shooting occurred, testified that the three friends were hanging out in the defendant’s bedroom, watching television, and drinking beer. He testified that the defendant drank six beers and was “buzzing.”
 

 Officer David Butterworth recovered the firearm used in the shooting. It was lying on a desk in the defendant’s bedroom. The firearm, a Colt Mustang 380 Automatic, belonged to Deputy George Primm. Deputy Primm kept the firearm in his patrol vehicle over the sun visor on the driver’s side. The last time he saw the gun in his vehicle was on the Tuesday before Thanksgiving — three or four days before the shooting. During a secretly recorded conversation between the defendant and his father in an interview room at the Port St. Lucie Police Department, the defendant said that he was present when the deputy’s gun was stolen, but he denied stealing it. He admitted, however, that he received the stolen gun from his companion and brought it home.
 

 The defendant was charged by information with manslaughter and grand theft of a firearm. Before trial, defense counsel moved to sever the charges. The trial court denied the motion, explaining that the charges were connected in an episodic sense and thus properly joined. The jury found the defendant guilty, as charged, on both counts. He was sentenced to 18 years on the manslaughter count and 5 years on the stolen firearm count, the two terms to run concurrently.
 

 The defendant argues that the trial court erroneously denied his motion to sever the charge of manslaughter from the charge of grand theft of a firearm. Because the decision to grant or deny a motion for severance rests within the sound discretion of the trial court, we review the denial of the motion for an abuse of discretion.
 
 Smithers v. State,
 
 826 So.2d 916, 923 (Fla.2002);
 
 State v. Vazquez,
 
 419 So.2d 1088, 1090 (Fla.1982).
 

 Two or more related offenses may be joined if they are based on the same act or transaction or on two or more connected acts or transactions.
 
 Fotopoulos v. State,
 
 608 So.2d 784, 789 (Fla.1992). Florida Rule of Criminal Procedure 3.150(a) (2008), which governs joinder of offenses, states:
 

 Two or more offenses that are triable in the same court may be charged in the same indictment or information in a separate count for each offense, when the offenses, whether felonies or misdemeanors, or both, are based on the same act or transaction or on 2 or more connected acts or transactions.
 

 
 *92
 
 In this case, the trial court determined that the fatal shooting of the victim and the theft of the gun used in the shooting were acts connected in an episodic sense; thus, they were properly joined. However, the fact that the offenses may have been properly joined in the first instance is not controlling on the issue of whether the defendant is entitled to have separate trials to prevent prejudice.
 
 See Fotopoulos,
 
 608 So.2d at 790;
 
 Ellis v. State,
 
 622 So.2d 991, 999 (Fla.1993). Florida Rule of Criminal Procedure Rule 3.152 authorizes the court to grant a severance, even where offenses are properly joined, upon a showing that severance is appropriate for a fair determination of the defendant’s guilt or innocence of each offense.
 

 The defendant moved for severance under rule 3.152(a)(2), which states:
 

 In case 2 or more charges of related offenses are joined in a single indictment or information, the court nevertheless shall grant a severance of charges on motion of the state or of a defendant: (A) before trial on a showing that the severance is appropriate to promote a fair determination of the defendant’s guilt or innocence of each offense.
 

 For joinder to be appropriate, the separate crimes must be linked in some significant way.
 
 Ellis,
 
 622 So.2d at 1000. “This can include the fact that they occurred during a ‘spree’ ... or the fact that one crime is causally related to the other.”
 
 Id.
 
 A trial court must find that a meaningful relationship exists between the charges of separate crimes before allowing them to be tried together.
 
 Crossley v. State,
 
 596 So.2d 447, 450 (Fla.1992).
 

 The state argues that the trial court properly denied the defendant’s motion to sever charges because the two crimes were linked in a causal sense: the gun used in commission of the manslaughter was the same gun taken from the deputy’s vehicle a few days before. To support its position the state cites
 
 Rodriguez v. State,
 
 919 So.2d 1252 (Fla.2005).
 

 In
 
 Rodriguez,
 
 the defendant, convicted of first-degree murder, sought post-conviction relief, claiming that his attorney was ineffective for failing to request a severance of homicide charges from charges related to a home invasion robbery and shooting. 919 So.2d at 1271. Rodriguez robbed and killed the owner of an auto pai'ts store to obtain money to repay a debt owed to a bondsman.
 
 Id.
 
 at 1259. He took the victim?s watch and a briefcase containing cash and a revolver. The next day Rodriguez, along with several other men, went to a residence intending to commit a home invasion robbery. The home invasion was thwarted when the resident fired a gun at them and caused them to flee. As the men fled, Rodriguez dropped the revolver that he had stolen from the murder/robbery victim the previous day.
 
 Id.
 
 at 1259-60.
 

 The Florida Supreme Court upheld the denial of the defendant’s post-conviction motion, determining that the charges were interconnected because the defendant “used the gun taken from the murder victim during the home invasion the next day.”
 
 Id.
 
 at 1271. The Court pointed out that the two crimes were part of a common scheme to obtain money
 
 to
 
 discharge a debt and that they were connected by temporal and geographic proximity.
 
 Id.
 
 For those reasons, the Court surmised that if the defendant’s attorney had moved for a severance, the motion would probably not have been granted. Id. at 1272 (citing
 
 Livingston v. State,
 
 565 So.2d 1288, 1290 (Fla.1990)).
 

 In
 
 Livingston,
 
 the defendant broke into a house around noon and stole two cameras, a pistol, and some jewelry. 565 So.2d at 1289. Later that evening, the
 
 *93
 
 defendant used the stolen pistol to commit a robbery and shoot two people inside a convenience store. Over defense counsels objection, the trial court consolidated the burglary/theft and murder/armed robbery charges for trial. The Florida Supreme Court found no abuse of discretion in the trial court’s decision to consolidate these charges that were “connected in an episodic sense because they occurred only hours apart in the same small town and because the pistol stolen in the burglary became the instrument for effecting the armed robbery and murder.”
 
 Id.
 
 at 1290.
 

 We observe that in
 
 Rodriguez
 
 and
 
 Livingston,
 
 unlike here, the severance analysis centered on whether the charges were properly consolidated under rule 3.150, rather than on whether their consolidation would cause undue prejudice and unfairly influence the jury’s verdict under rule 3.152. In both cases, our Supreme Court ruled that they were properly consolidated because they were connected in an episodic sense.
 

 Similarly, in
 
 Fotopoulos,
 
 the Court determined that the crimes were properly consolidated because they were causally linked. 608 So.2d at 790. In that case the defendant threatened to kill his girlfriend unless she murdered a man, Kevin Ramsey, who was blackmailing the defendant. The defendant videotaped his girlfriend shooting Ramsey and then later blackmailed her with the videotape of the murder to induce her to hire a hit man to murder the defendant’s wife, Lisa. The defendant wanted his wife killed so he could recover $700,000 in insurance proceeds.
 
 Id.
 
 at 786. The hit man, Bryan Chase, shot Lisa once in the head but did not kill her. The defendant then shot and killed Chase to make it appear that he was killed during a burglary. The defendant was charged with first-degree murder of Ramsey and Chase, attempted first-degree murder, solicitation to commit first-degree murder, conspiracy to commit first-degree murder, and armed burglary of a dwelling. The Court affirmed the trial court’s refusal to sever the count charging first-degree murder of Ramsey from the remaining counts. It held that the offenses were properly charged in a single indictment because they were “clearly connected in an episodic sense” and that severance was not necessary to promote a fair determination of Fotopoulos’ guilt or innocence. The Court stated that “[ejven if there had been separate trials, evidence of each offense would have been admissible at the trial of the other to show common scheme and motive, as well as the entire context out of which the criminal action occurred.”
 
 Id.
 
 at 790.
 

 In contrast, the criminal acts in this case were not clearly connected in an episodic sense, nor were they causally linked. They were not part of a single criminal episode and did not involve similar criminal conduct such as to be considered part of a crime spree.
 
 See Farrington v. State,
 
 884 So.2d 1094, 1096-97 (Fla. 4th DCA 2004) (noting that a crime spree requires similarity of criminal conduct as well as temporal and geographical proximity). Moreover, the defendant’s offenses lacked a causal link because one was not used to induce the other, and evidence of one crime was not necessary to explain the other.
 
 See Rodriguez v. State,
 
 909 So.2d 547, 550 (Fla. 4th DCA 2005), (explaining that “[cjrimes are causally linked when one crime is used to induce the other or when evidence of one crime is necessary to explain the other.”);
 
 Jones v. State,
 
 497 So.2d 1268, 1272 (Fla. 3d DCA 1986) (holding that severance was required where the only connection between offenses arising from two criminal episodes was the use of a stolen car and the accused’s alleged participation);
 
 Stephens v. State,
 
 863 So.2d 434, 437 (Fla. 4th DCA 2003) (finding no
 
 *94
 
 causal link between the stolen character of the car and the assault and theft from a woman at a gas station).
 

 Here, the only connection between these two offenses was the stolen gun. The state did not seek to prove that the defendant stole the firearm with the intent to facilitate another crime or that the gun theft and shooting were part of a crime spree. Prosecution of the defendant was not premised on the implausible theory that the defendant obtained the firearm with the intent to negligently shoot and kill his best friend. In its proffer in opposition to severance, the state did not demonstrate how the stolen character of the firearm was relevant to the issue of culpable negligence or the defendant’s excusable accident defense. The state argued that the gun theft was relevant to show defendant’s knowledge that the police weapon was operable and loaded. However, evidence that the gun was loaded when it was stolen from the police car was not disputed; soon after the defendant acquired the gun, he examined it, removed bullets from the ammunition clip, and then put them back into the clip. In sum, evidence of each offense was not necessary to explain the other. These offenses were not inextricably intertwined and could have been proven independently of each other.
 

 In any event, any relevancy of evidence that the gun was stolen from a deputy’s vehicle was outweighed by the potential for prejudice in the jury’s consideration of the manslaughter charge. Severance of offenses should be granted liberally when prejudice is likely to flow from a denial of severance.
 
 State v. Vazquez,
 
 419 So.2d 1088, 1090 (Fla.1982);
 
 Sosa v. State,
 
 639 So.2d 173, 174 (Fla. 3d DCA
 

 1994).
 
 See also Livingston,
 
 565 So.2d at 1290 (citing
 
 United States v. Lane,
 
 474 U.S. 438, 106 S.Ct. 725, 88 L.Ed.2d 814 (1986), noting that reversal is required where misjoinder causes prejudice by having a damaging effect or influence on the jury’s verdict.).
 

 The grand theft firearm charge was collateral crime evidence, which was presumptively harmful.
 
 See McCall v. State,
 
 941 So.2d 1280, 1283 (Fla. 4th DCA 2006). Moreover, evidence of a crime of this magnitude — theft of a law enforcement officer’s gun — had a high probability of contaminating the jury and affecting its ability to fairly determine the defendant’s guilt or innocence on each charge. Thus, even if the offenses were properly joined under Rule 3.150(a), the trial court abused its discretion in failing to sever the charges under Rule 3.152(a)(2) to “promote a fair determination of the defendant’s guilt or innocence of each offense.” Because we are unable to conclude that there is no reasonable possibility that the error contributed to the conviction, we cannot say that the error was harmless.
 
 See Ventura v. State,
 
 29 So.3d 1086, 1089-92 (Fla.2010);
 
 State v. DiGuilio,
 
 491 So.2d 1129, 1138-39 (Fla.1986).
 

 Accordingly, we reverse the defendant’s convictions and sentences and remand for separate trials on each count.
 
 [1]
 

 Reversed and Remanded.
 

 GERBER and LEVINE, JJ., concur.
 

 [1]
 

 . Because we are reversing and remanding for sepárate trials, we need not address the defendant's fourth point that the trial court committed fundamental error in instructing the jury on excusable homicide. The court instructed the jury that the killing would be
 
 *95
 
 excusable if ‘‘committed by accident and misfortune in doing any lawful act by lawful means with usual ordinary caution and without any unlawful intent." The defendant argues that the instruction negated his accident defense by requiring "a lawful act” committed by "lawful means." He contends that, because the trial court did not instruct the jury that grand theft is not a continuing offense, the jury may have believed that his unlawful possession of a stolen gun precluded them from finding that the shooting was accidental. On remand, because these offenses will be tried separately, this issue may not recur.
 

 However, we take this opportunity to alert the trial judge and counsel that the excusable homicide instruction contained in Instruction 7.7, Standard Jury Instructions in Criminal Cases, is an important issue that has been recently addressed in comments on amendments to Instruction 7.7 submitted to the Florida Supreme Court and the Supreme Court Committee on Standard Jury Instructions in Criminal Cases.
 
 See
 
 Comment on Amendments to Instruction 7.7, Standard Jury Instructions In Criminal Cases, filed by Richard M. Summa, Assistant Public Defender, Second Judicial Circuit in
 
 In Re: Amendments to Standard Jury Instructions in Criminal Cases
 
 — Instruction 7.7, 41 So.3d 853 (Fla. 2010).