ON MOTION FOR REHEARING
PER CURIAM.
Having previously granted Hartman’s motion for rehearing, we withdrew our earlier opinion and now substitute the following opinion in its place.
Hartman appeals the summary denial of his Florida Rule of Criminal Procedure 3.800(a) motion. He alleges his consecutive habitual felony offender (“HFO”) sentences, arising from the same criminal episode, are illegal.
Hartman was charged with six counts of burglary of a structure, twenty-four counts of dealing in stolen property, nine counts of grand theft, one count of felony petit theft, one count of possession of burglary tools, and one count of possession of a motor vehicle with a removed or altered vehicle identification number (“VIN”). Prior to trial, several counts were dismissed and merged on double jeopardy grounds. Hartman pled no contest to five counts of grand theft, one count of felony petit theft, one count of dealing in stolen property, and one count of possession of a motor vehicle with a removed or altered VIN. He went to trial on the remaining counts and a motion for judgment of acquittal was entered on some counts. The jury found Hartman guilty as charged on all the remaining counts. Hartman was ultimately sentenced on twenty-nine counts and stipulated to his HFO qualification.
The sentences at issue in the instant motion are as follows: Count 1, burglary of a structure, for which he was sentenced to five years’ incarceration in the Department of Corrections (“DOC”); Count 3, dealing in stolen property, for which he was sentenced to fifteen years’ incarceration in the DOC, consecutive to Count 1; Count 4, dealing in stolen property, for which he was sentenced to fifteen years’ incarceration in the DOC, consecutive to Counts 1 and 3; and Count 6, dealing in stolen property, for which he was sentenced to fifteen years’ probation, consecutive to the sentences previously announced.
Enhanced HFO sentences cannot be imposed consecutively if the offenses were part of the same criminal episode. Hale v. State, 630 So.2d 521, 525 (Fla.1993). Hale claims typically should be raised pursuant to Florida Rule of Criminal Procedure 3.850, because “a determination of whether the offenses for which the defendant has been sentenced arose out of the same criminal episode” requires an evidentiary hearing. Taylor v. State, 969 So.2d 489, 490 (Fla. 5th DCA 2007). However, when it is clear from the face of the record, the issue may be decided in a rule 3.800(a) motion. Id.
Hartman’s motion is insufficient because it does not demonstrate where on the face of the record the court can determine the offenses occurred in the same criminal episode. To prove that these counts arose in the same criminal episode, Hartman points to the State’s opposition to his motion to sever. He refers to the State’s argument that the offenses were part of one scheme or episode, and he believes that the failure to sever the offenses proves the offenses occurred in the same criminal episode.
The standard for trying offenses together, and the test for determining whether the offenses occurred in the same criminal episode, are different.
For joinder to be appropriate, the separate crimes must be linked in some *895 significant way. “This can include the fact that they occurred during a ‘spree’ ... or the fact that one crime is causally related to the other.” A trial court must find that a meaningful relationship exists between the charges of separate crimes before allowing them to be tried together.
Williams v. State, 40 So.3d 89, 92 (Fla. 4th DCA 2010) (citations omitted). When determining whether the offenses arose from the same criminal episode, the court must consider “1) whether separate victims are involved; 2) whether the crimes occurred in separate locations; and 3) whether there has been a temporal break between the incidents.” Teague v. State, 26 So.3d 616, 618 (Fla. 1st DCA 2009). Offenses may be causally related to each other to allow the offenses to be tried together, but may not have occurred in the same criminal episode.
Hartman failed to establish that the face of the record establishes his right to relief. Accordingly, the summary denial of Hartman’s rule 3.800(a) motion is affirmed. Hartman may file a successive rule 3.800(a) motion if he is able to identify specific portions of the record that support his Hale claim. However, if the Hale issue is not apparent from the face of the record, his relief is pursuant to a timely filed rule 3.850 motion.
AFFIRMED.
ORFINGER, C.J., COHEN and JACOBUS, JJ., concur.