PER CURIAM.
Affirmed. See Fla. R. Crim. P. 3.800(a) (providing that “[a] court may at any time correct an illegal sentence imposed by it ... when it is affirmatively alleged that the court records demonstrate on their face an entitlement to that relief’); John *593 son v. State, 60 So.3d 1045 (Fla.2011) (recognizing that rule 3.800(a) places the burden on the movant to demonstrate an entitlement to relief on the face of the record); Burgess v. State, 831 So.2d 137 (Fla.2002) (acknowledging that, as a general rule, resolving a claim alleging illegal sentences were imposed arising from a single criminal episode requires an eviden-tiary hearing, and therefore must be raised in a motion under rule 3.850; if raised in a motion under 3.800(a), such a claim must be capable of being resolved as a matter of law, without an evidentiary determination, and on the face of the existing court record); Taylor v. State, 969 So.2d 489 (Fla. 5th DCA.2007) (holding that, to plead a facially sufficient claim that illegal sentences were imposed arising from a single criminal episode, movant must, inter alia, identify with particularity the non-hearsay record evidence demonstrating his entitlement to relief); Lauramore v. State, 949 So.2d 307 (Fla. 1st DCA 2007) (same); Speas v. State, 887 So.2d 416 (Fla. 2d DCA 2004) (same).